**F I L E D**
Clerk
District Court

MAR 1 8 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Ed Peterson, CNMI Bar I.D. F-0354
Micronesian Legal Services- Marianas Office
P.O. Box 500826-CK
Saipan, MP 96950
Tel. # (670) 234-6243
Fax # (670) 235-6101
Attorneys for Plaintiff Mohammed Kamal Hossain

## IN THE UNITED STATES DISTRICT COURT

## FOR THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MOHAMMED KAMAL HOSSAIN, ) | Civil Action No. **08 - 0016** |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR** |
| ) | **DECLARATORY, INJUNCTIVE,** |
| vs. ) | **COMPENSATORY AND** |
| ) | **FURTHER RELIEF; and Exhibit** |
| COMMONWEALTH OF THE ) | **"A"** |
| NORTHERN MARIANA ISLANDS, ) | |
| and MATTHEW GREGORY, in his ) | |
| official capacity as Attorney General ) | |
| of the Commonwealth of the Northern ) | |
| Mariana Islands, and UNITED STATES ) | |
| OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## VERIFIED COMPLAINT

### Preliminary Statement

This is a civil rights action involving a federal question regarding the lack of

derivative protection for family members outside of the CNMI belonging to a person

who has been granted protection from *refoulement* pursuant to existing

Commonwealth of the Northern Mariana Islands regulations (hereafter "CNMI").

Plaintiff contends that the lack of a process for him to apply to bring his family members outside the CNMI violates the Equal Protection clause of the Fourteenth Amendment of the Constitution of the United States of America; the Covenant to Establish the Commonwealth of the Northern Mariana Islands in Political Union with the United States of America (hereinafter "Covenant"): the 1951 Convention United Nations Convention Relating to the Status of Refugees recommendations (189 U.N.T.S. 150, *entered into force,* April 22, 1954, hereinafter "1951 Convention" treaties and international law applicable to the CNMI; and customary international law.

Hossain also seeks damages for delay in the CNMI regulation pursuant to work authorization pursuant to 42 U.S.C. § 1983.

The U.S. Government retained control of various matters including the application of the <u>Immigration and Naturalization Act</u> (hereinafter "INA") within the CNMI under various circumstances and in the application of international human rights obligations and foreign affairs matters within the CNMI.

<u>Jurisdiction</u>

1.

This action arises under the United States Constitution, particularly under the Fourteenth Amendment to the United States Constitution, and under the laws and treaties of the United States relating to the protection of refugees/asylees and their families, and arises under the Civil Rights Act, 42 U.S.C. § 1983.

2

**2.**

This Court has subject matter jurisdiction over the " federal question" involving the construction and interpretation of treaties under which the United States and the Commonwealth of the Northern Mariana Islands are obligated,  and the constitutional claim pursuant to 28 U.S.C. § 1331 ("federal question"), 28 U.S.C. § 1343 ("civil rights".)  Plaintiff's action for injunctive relief is authorized  by the foregoing statutes and by Rule 65 of the Federal Rules of Civil Procedure.  Consent of the United States to be sued herein is based upon 28 U.S.C. § 1331 and *Bivens v. Six Unknown Narcotics Agents,* 403 U.S. 388 (1971) ("constitutional torts").

**3.**

The construction and interpretation of treaties and international law agreements under which the CNMI and the United States of America is obligated, is a "federal question" under the Constitution of the United States of America and laws and treaties applicable to the Commonwealth of the Northern Mariana Islands

**4.**

This court, pursuant to 28 U.S.C. § 1367 (a), has supplemental jurisdiction over all other claims alleged Plaintiff in this civil action, which claims form part of the same controversy.

<u>Venue</u>

5.

Venue is proper in this Court because "a substantial part of the events" at issue occurred within this district (28 U.S.C. § 1391 (b) (2)) and any relief requested would be effectuated here.

Parties

6.

Plaintiff Mohammed Kamal Hossain ("Hossain") is a citizen of the Islamic Republic of Bangladesh who has resided in the CNMI since 1996 and who is presently within the CNMI. Hossain previously had a claim for *non-refoulement* and was granted protection from *refoulement*.

7.

Defendant, Commonwealth of the Northern Mariana Islands, is the government of the CNMI.

8.

Defendant, Matthew Gregory, is the Attorney General of the CNMI. The Office of the Attorney General administers and is responsible for the CNMI's Office of Refugee Protection.

9.

The Defendant, United States of America, is a proper party to the action as the obligation remains in effect, by treaty, as signed onto or acceded to by the United States of America, and the CNMI established regulations for refugee protection pursuant to a Memorandum of Understanding with the the United States (Northern Marianas Administrative Code, Title 5 NMIC (2004 edition) at § 5-40.1-944. has

4

either acquiesced or delegated its authority to the CNMI to enforce the treaty obligations but it still remains a federal, United States obligation.

10.

The CNMI has undertaken to enforce treaty obligations of the United States by entering into a Memorandum of Understanding between the U.S. Department of the Interior, Office of Insular Affairs and the CNMI on September 12, 2003.

### Statement of the Facts

11.

Plaintiff has previously sought protections for his family members; neither the Federal Government nor the CNMI have provided to Hossain protection for his family members outside the CNMI, nor granted them permission to join him or be reunited as a family in the CNMI, nor allowed them to even apply for the consideration of derivative protection because of the denial of derivative protection found in the CNMI regulations. Plaintiff was previously a party Plaintiff in a federal case that resulted in the promulgation of a Memorandum of Understanding between the CNMI and the United States, and of regulations for protection of refugees in the CNMI. The case was entitled *Rui Liang, et. al. v. Robert Goldberg, et al.,* Civil Action No. 99-0046, United States District Court for the District of the Northern Mariana Islands.

12.

Hossain filed an Application for Protection from Refoulement on March 3, 2006 with the Office of Refugee Protection, CNMI. At his protection hearing, Hossain

presented testimony of death threats, vandalism of his home in Bangladesh and on Saipan and of violence against his wife, child and brother in Bangladesh.

### 13.

Plaintiff was found to be eligible for protection from refoulement in the Commonwealth by the Decision/Grant of Protection from *Refoulement* dated August 22, 2006 signed by Dana M. Emery, Administrative Protection Judge, CNMI Office of Refugee Protection. A copy of the Decision/Grant is attached hereto and incorporated herein as Exhibit "A."

### 14.

The Decision/Grant of Protection, however, specifically stated, *inter alia,* in it's second paragraph, "This grant of protection does not include derivative protection for family members." CNMI regulations do not currently provide for derivative protection of Hossain's family members and provide rather that "Family members outside the Commonwealth are not entitled to derivative protection." Northern Mariana Islands Administrative Code, Title 5 NMIC (2004 edition) at § 5-40.1-944.

### 15.

The Decision/Grant of Protection from *Refoulement* also provides, inter *alia,* that while Plaintiff is in the Commonwealth, he is eligible for work authorization, "which shall be renewable absent a finding of a fundamental change in your personal circumstance by the Attorney General." ¶ 4, Decision/Grant of Protection from Refoulement (Exhibit "A.")

### United States Laws and Regulations-Derivative Protection

16.

8 CFR § 208.21 provides for admission of an asylee's spouse and children in accordance with section 208(b)(3) of the INS Act, and for a spouse as defined in section 101(a)(35) 8 U.S.C. 1101(a)(35) or a child of the asylee as defined in section 101(b)(1) of the Act unless the spouse or child(ren) are found ineligible for asylum under section 208 of the Act as long as the relationship of spouse and child as defined in section 101 of the Act existed at the time of the principle alien's asylum application was approved and continues at the time of applying for following-to-join benefits.

17.

8 CFR ¶ 208(21) (d) states provisions by which an asylee may request following-to-join benefits for a spouse or children outside the United States  by filing a separate Form I-730 for each qualifying member within two years the asylee was granted status.  If a Form I-730 is approved by a designated Service office, the Service will notify the asylee of approval and the approved Form I-730 is forwarded to the Department of State for delivery to the American Embassy or Consulate having jurisdiction over the area in which the asylee's spouse or child is located.  An approved Form I-730 ceases to confer immigration benefits for the spouse or child(ren) after it has been used by the beneficiary for admission to the United States as a derivative of an asylee.  If a spouse or child is found ineligible for admission, notice is given and no appeal shall lie.  8 CFR § 208.21(e).

18.

Persons in the United States who have been granted refugee status are allowed by

law and have procedures for derivative protection and refugee status for their

spouse and children, if the legal requirements and definitions that apply are met.

The United States has "Family Reunification" procedures and programs for asylees

while the CNMI does not.

### Acts of the Defendants Violating Plaintiff's Rights Under the Equal Protection and Due Process Clauses of theFourteenth Amendment of the Constitution of the United States, and Illegality Thereof

19.

Section 501 of the Covenant provides specifically in Section 501(a),  *inter alia*,

that to the extent it is not of its own force,  Amendment 14 of the Constitution of the

United States will be applicable within the Northern Mariana Islands as if the

Northern Mariana Islands were one of the several States.

20.

The CNMI regulations do not provide for derivative protection of family

members outside the CNMI at this time, and do not provide for any of the processes

for application for protection of family members outside the CNMI such as are

provided for under federal law.

21.

The CNMI offers asylum protection pursuant to P.L. # 13-61 (Jan. 8th, 2004) and

regulations promulgated by the CNMI's Attorney General.  Com. Reg. Vol. 26 # 09

022872 *et seq.* (Sept. 24, 2004) (hereinafter "asylum regulations").  The asylum

regulations set up a system that parallels the asylum program available in the rest of

the United States, but that differs in significant ways, including but not limited to

8

the denial of derivative protection applications for family members outside the CNMI.

22.

The U.S. Constitution, 14th Amendment Section 1 guarantees equal protection under the law to all. The 14th Amendment applies in the CNMI. Cov. § 501(a). The application of a system of asylum, a federal treaty obligation, in the CNMI does not provide derivative protection for family members outside the CNMI, and therefore provides  significantly less benefit than provided for in the U.S., where asylees may apply for derivative protections for family members. The denial of derivative protection laws or regulations for family members outside the CNMI denies equal protection of the law under the 14th Amendment.

23.

Neither the Federal Government nor the CNMI have provided Hossain and his family outside the CNMI derivative protections, although he has requested it repeatedly.

24.

The CNMI Government defendants have not enacted any policies, procedures, laws or regulations by which the CNMI Government adequately ensures any process for application by asylees for derivative protection of their family members outside the CNMI in accordance with United Nations and/or Federal asylum/refugee standards made applicable under treaties and/or international agreements, and/or

9

customary international law, and/or international protocols including the <u>1951</u> <u>Convention</u> and the <u>1967 United Nations Protocol Relating to the Status of</u> <u>Refugees,</u> Jan. 31, 1967, 19 U.S.T. 6224, 606 U.N.T.S. 8791 (hereinafter "Protocol").

25.

The conduct complained of above in Paragraphs 17 through 22 was engaged in under color of state law for purposes of 42 U.S.C. § 1983 in that it was engaged in under the laws and regulations of the CNMI.  Such conduct subjected Hossain to the deprivation of rights, privileges and immunities secured by the Constitution of the United States and the Constitution of the Commonwealth of the Northern Mariana Islands, and was a deprivation of rights under 42 U.S.C. § 1983 in that Hossain has had no available legal processes to apply to bring his family members to join him, such as are available under federal law for asylees/refugees granted protection in the United States.

26.

The acts of the defendants in not providing for a derivative protection process deprived Hossain of his right not to be deprived of life, liberty or property without due process of law, and to be accorded the equal protection of the laws, as guaranteed to him under the Fourteenth Amendment of the Constitution of the United States.

27.

Hossain, in order to be accorded equal protection of the laws and due process of law under the Fourteenth Amendment of the Constitution of the United States, is entitled to such equal treatment, advantages, privileges and application processes as are available to other asylees/refugees granted protection in the United States, because the other asylees/refugees in the United States may apply for derivative protection of their family members, even when those family members may be outside the United States in the countries from which the asylees/refugees sought protection and *nonrefoulement* from.

## Supplemental Due Process Claim Under the Constitution of the Northern Mariana Islands

### 28.

Under the Constitution of the Northern Mariana Islands, Const. art. I, sec. 5, guaranteeing substantive as well as procedural due process, the right of personal liberty and the right to live in freedom from unwarranted interference by the state is a fundamental right.  Hossain's being denied the right to apply for derivative protection of family members is such an unwarranted intrusion to his fundamental rights to family unity and/or family re-unification.

### 29.

Section 5 of the Constitution of the Northern Mariana Islands provides that no person shall be deprived of life, liberty or property without due process of law. This section, N.M.I. Constitution provides prohibitions similar to the Due Process Clause of the Constitution of the United States, but specifically against the Commonwealth of the Northern Marian Islands government.  The Due Process Clause of the

Northern Marianas Constitution affords the same protection as the Due Process
Clause of the Constitution of the United States.  N.M.I. Const. art. I, § 5; U.S. Const.
Fourteenth Amendment.

## Exhaustion of Remedies

### 30.

Plaintiff exhausted all administrative remedies by applying and being granted
asylum for his self; and not having any avenue or application procedure in the
CNMI for applying for derivative protection for his family members, as the CNMI
regulations do not provide for any such protection.

### 31.

There is an inadequacy of remedies at law and irreparable injury to Hossain if
relief is not granted.

### 32.

## Foreign Affairs Jurisdiction and Obligations of the United States

Pursuant to the Covenant § 104, the United States has complete responsibility for
and authority with respect to matters relating to foreign affair.  Foreign affairs
include matters with international aspects, such as derivative protection of family
members outside the CNMI belonging to persons granted asylum and protection
from refoulement, as Plainitff has been granted.

### 33.

By entering the Protocol and C.A.T., the U.S. gave assurances that refugees will
be allowed to assimilate and become naturalized citizens of the protective new
country.  Protocol Article I § 1, 1951 Convention § 34.  The 1951 Convention

recommends the right of family unity be recognized.   The United States has invoked its power over foreign affairs and its sovereignty in signing the treaties and made promises beyond mere immigration issues.  These are promises the sovereign,  the United States,  has the power to make and the obligation to keep.  COVENANT, § 101, 104.

### 34.

The U.S. Government is empowered with authority over all U.S. treaties, international human rights obligations, and matters falling within the scope of the Immigration and Naturalization Act ("INA").

### 35.

The 1951 Convention and the 1967 Protocol, having been adopted within the Restatement (Third) of Foreign Relations Law, at § 701 et. seq., also constitutes CNMI law, binding within and upon the CNMI Government, by effect of 7 CMC §3401.

### Applicable and Binding International Law

### 36.

Customary and international human rights law such as has been acceded to or recognized by the United States Government is statutorily binding upon the CNMI by effect of 7 CMC § 3401 which adopts Restatement (Third) of Foreign Relations Law sections §§ 111(1), 102(1), 102(2), 701 et. seq.

### 37.

The CNMI, independent of the U.S. Government, is also bound and obligated to provide to Plaintiff those protections made available by the 1967 Protocol, 1951

13

Convention, and the 1985 Torture Convention, by effect of the law of nations and doctrine of jus cogens.

38.

The Commonwealth worked to establish a mechanism by which *non-refoulement* protection that complies with the minimum protections outlined in

(1) Article 33 of the 1951 Convention relating to the Status of Refugees, July 28, 1951, 189 U.N.T.S. 150. (Articles 2 through 34 of the Convention are incorporated by the Protocol Relating to the Status of Refugees, January 31, 1967, 19 U.S.T. 6223, 606 U.N.T.S. 267 (accession by United States on November 1, 1968)); and (2) Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, December 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85 (ratification by United States on November 20, 1994).

## Attorney General Defendant-Delay In Issuing Opinion on Work Authorization Supplemental Claim

39.

Plaintiff repeats and re-alleges, and incorporates herein by reference, each and every allegation contained in the preceding paragraphs.

40.

In the Grant of Protection from *Refoulement* granted Plaintiff on August 22, 2006, the Administrative Protection Judge, Dana M. Emery, provided that while Plaintiff is in the Commonwealth, he is eligible for work authorization, which shall be renewable absent a finding of a fundamental change in his personal circumstances by the Attorney General. The Grant of Protection from *Refoulement*

14

provided also, *inter alia*, at paragraph 3, "Please contact Assistant Attorney General
Kevin Lynch for questions related to your work authorization."

41.

On or about February 28, 2007, the CNMI Office of the Attorney General, per
an Assistant Attorney General, Division of Immigration Services, provided Plaintiff
with a "To Whom It May Concern" letter advising that Plaintiff, Mohammed
Kamal Hossain, has been granted an immigration status under Section 706 P of the
Immigration Rules and Regulations and that this entry status allows Hossain to be
employed in any position without the need to file an application for employment
with the Commonwealth Department of Labor.

42.

That during the months of September and October, 2007, Plaintiff applied for
government-sector CNMI positions (Nutrition Assistant or Wellness Coordinator)
by duly filing timely applications with the Office of Personnel Management; the
Office of Personnel Management advised Hossain in writing on October 2, 2007 that
in reviewing his applications it found the need to clarify his employment eligibility
to work in the CNMI Government. The Office of Personnel Management requested
a legal opinion from the Attorney General to clarify Hossain's rights and benefits
for government employment eligibility and advised him that once his status was
clarified, it (OPM) would process his application accordingly. To date, Plaintiff
knows of no legal opinion issued to OPM in this regard, although Plaintiff has
enquired repeatedly since October, 2007 of the OPM and the Attorney General's
Office.

43.

That on August 28th, 2007, Plaintiff's counsel wrote to the Assistant Attorney General, Division of Immigration Services on behalf of Plaintiff and in an effort to allow his government-sector job applications to be decided upon by the Office of Personnel Management, requesting an opinion on Plaintiff's work authorization status and eligibility to apply for government-sector positions, and that to date no opinion has been issued.

44.

That on November 13, 2007, Plaintiff's counsel wrote to Matthew Gregory, Esq., Attorney General of the Commonwealth of the Northern Mariana Islands, requesting an opinion by the Attorney General's Office relative to Plaintiff's work authorization and whether it includes eligibility for Plaintiff to apply for public sector (CMIN Government) employment, and explaining that Plaintiff has had for some time employment applications pending in the CNMI Office of Personnel Management for Nutrition Assistant or Wellness Coordinator positions, and that both Plaintiff and the OPM need an Attorney General's opinion to further process and make a decision on Plaintiff's job applications.

45.

To date, no opinion has been received or issued, and Plaintiff has lost the opportunity to be hired for the positions because of the long delay.

46.

As a direct and proximate cause of defendants' actions, Hossain has been damaged in a sum to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

1.  That this Court adjudge, decree, and declare the rights and legal relations of the parties to the subject matter here in controversy, in order that such declaration shall have the force and effect of a final judgment and decree.

2.  That this Court issue a permanent injunction forever restraining and enjoining defendants and each of them, from denying Hossain the right to apply for derivative protection of his family members.

3.  An order that imposes upon the CNMI Government an obligation and requirement to <u>immediately</u> create and perpetuate a meaningful and impartial procedure, with the protections of due process of law, for considering applications for derivative protection of family members outside the CNMI belonging to persons who have been granted protection from *refoulement* and/or granted *non-refoulement* by administrative or court orders within the CNMI.

4.  An order compelling defendants CNMI and CNMI Attorney General to cooperate with the Federal Government and/or United Nations officials regarding the processes, regulations and procedures to be implemented for considering derivative protection applications; and to consult with the same regarding said applications and matters.

5.  A declaratory judgment that the lack of an application process in the CNMI for asylees to apply for derivative protection of family members outside the CNMI violates the Fourteenth Amendment Equal Protection and Due Process clauses of

the Constitution of the United States of America and the equal protection provisions of the Constitution of the CNMI.

6.   A judgment against defendant CNMI government and in Plaintiff's favor for compensatory damages for being denied job application processing, job opportunities and the denial of the continuation of his application process for CNMI government-sector jobs due to the delay to date in by the Defendant CNMI Attorney General's office in issuing an opinion on his application eligibility and work authorization eligibility to the Office of Personnel Management, in an amount such as may be proven at trial, and to include prejudgment and post-judgment interest..

7.   An injunction against Defendants to restrain and enjoin Defendants from bringing any retaliatory action toward Plaintiff for his commencing and prosecution of this lawsuit, including but not limited to continuation of his *non-refoulement* and protection status unless and until it is revoked for any lawful reason pursuant to the CNMI regulations and U.S. laws and cases relating to revocation of protection.

8.   The rights of the Plaintiff here involved are so fundamental that a timely adjudication is necessary.

9.   For costs in this action, in favor of Plaintiff.

10. For such other and further relief as the Court deems just and proper.

Signed, 3-18-2008        Edward Deledon Jr. MLSC

**Attorney for Plaintiff Mohammed Kamal Hossain**

**Verification**

18

**Attorney for Plaintiff Mohammed Kamal Hossain**

**<u>Verification</u>**

I declare under penalty of perjury that the foregoing is correct and true to the best of my knowledge on this __18__ day of March, 2008.

_____

**Mohammed Kamal Hossain, Plaintiff**



Commonwealth of the Northern Mariana Islands
# Office of the Attorney General
# Office of Refugee Protection
2nd Floor Hon. Juan A. Sablan Memorial Bldg.
Caller Box 10007, Capitol Hill
Saipan, MP 96950

**Civil Division**
Tel: (670) 664-2341
Fax: (670) 664-2349

**Immigration Division**
Tel: (670) 236-0922/23
Fax: (670) 664-3190

**Criminal Division**
Tel: (670) 664-2366/67/68
Fax: (670) 234-7016

August 22, 2006

Mr. Md. Kamal Hossain                                        DECISION
C/O Divison of Immigration
Office of the Attorney General
Saipan, MP 96950

*Served by Hand*

### Grant of Protection from Refoulement

Dear Mr. Hossain,:

This letter refers to your Application for Protection from Refoulement in the Commonwealth of the Northern Mariana Islands filed on March 3, 2006.

It has been determined that you are provisionally eligible for protection from refoulement in the Commonwealth. This provisional grant of protection does not include derivative protection for family members.

While you remain in the Commonwealth, you are eligible for work authorization, which shall be renewable absent a finding of a fundamental change in your personal circumstances by the Attorney General. Please contact Assistant Attorney Kevin Lynch for questions related to your work authorization.

Because you have been granted nonrefoulement protection, you may apply for certain benefitswhich are listed below. You are also responsible for complying with all local laws and regulations. We recommend that you retain the original of this letter as proof of your status and that you submit copies of this letter when applying for any of the benefits or services listed below:

**Right to travel.** You must obtain advance written permission from before the Division of Immigration leaving the Commonwealth in order to return. Failure to obtain such permission creates a presumption that you have abandoned your protection in the Commonwealth and you may not be permitted to return. If you obtain permission to depart and return to your country of feared persecution and/or torture, you shall be presumed to have abandoned your protection in the Commonwealth unless you can show compelling reason for the return. Please obtain a passport from your country of origin as you will not be issued United States travel documents.

Exhibit "A"

**Right to Assistance:** You are eligible to apply for and receive public benefits, including but not limited to health care, public education, or living assistance to the same extent as other foreign nationals lawfully residing in the Commonwealth.

**Changes of Address:** You must notify the Division of Immigration of any change of address within ten days of any such change. Please also submit written notification of any change of address to the Office of Refugee Protection. A change of address form is included with this letter.

You are reminded that while this grant of protection is for an indefinite period, the Office of Refugee Protection may re-open your case at any time. One of the reasons that may prompt the Office of Refugee Protection to re-open your case is if you commit certain crimes or engage in activity that triggers a mandatory denial, such as an activity that would lead the Office of Refugee Protection to believe that you are a danger to the safety or security of the Commonwealth or of the United States. Should such a determination be made, a hearing may be held after which you may be immediately deported.

Should you fail to meet any of the conditions stated in this letter this determination may be revoked. Please ensure you cooperate with the Division of Immigration at all times to ensure that your status is maintained.

Sincerely,

_____
Dana M. Emery
Administrative Protection Judge
CNMI Office of Refugee Protection

Cc:     File
        Matt Gregory, CNMI Attorney General
        Kevin Lynch, Assistant Attorney General for Immigration
        Director of Immigration
        USCIS Protection Consultant