FILED
Clerk
District Court

AUG 27 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Kevin Lynch, Chief Prosecutor
Katie Busenkell, Assistant Attorney General
Division of Immigration Service
Commonwealth of the Northern Mariana Islands
Civic Center, Susupe
Saipan, MP 96950
(670) 664-2426 (voice)
(670) 234-7016 (fax)

Attorneys for the Commonwealth of the Northern Mariana Islands and the Attorney General of the Commonwealth of the Northern Mariana Islands, in his official capacity.

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MOHAMMED KAMAL HOSSAIN, <br>     Plaintiff, <br><br> v. <br><br> COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS and MATTHEW GREGORY, in his official capacity as Attorney General of the Commonwealth of the Northern Mariana Islands, and the UNITED STATES OF AMERICA, <br>     Defendants. | Civil Action No. 08-0016 <br><br> **SECOND STIPULATION FOR AN EXTENSION OF TIME** |

NOW COMES the Plaintiff, Mohammad Kamal Hossain ("Plaintiff"), represented by counsel of record Ed Peterson of Micronesian Legal Services, Corp., and the Defendants, the Commonwealth of the Northern Mariana Islands ("the Commonwealth"), Attorney General Matthew Gregory ("Attorney General"), in his official capacity, by and through Kevin Lynch, Chief Prosecutor of the CNMI Office of Attorney General, and Katie Busenkell, Assistant

Attorney General of the CNMI Office of Attorney General, and the United States for a Stipulation for an Extension of Time under Local Rule 7.1 (h)(1).

### A. Introduction

On June 12, 2008, the Plaintiff served upon the Commonwealth and the Attorney General a complaint and summons for Civil Case 08-0016. In the complaint, the Plaintiff alleges that the Commonwealth, the Attorney General, and the United States violated Plaintiff's rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the Constitution and various international treaties regarding refugee protection, which were incorporated and/or adopted by the Commonwealth and/or the United States. Attached to the complaint was a summons, which expressly stated that the Commonwealth had sixty (60) days to file an answer to the above-mentioned complaint.

On June 26, 2008, the Commonwealth of the Northern Mariana Islands and the Attorney General filed with the District Court a First Stipulation for an Extension of Time, along with a supporting affidavit and order. The parties stipulated to an extension of time because the Commonwealth, the Attorney General of the Commonwealth, and the United States were not served with the complaint and summons on or near the same date. Rather, there was a gap of more than forty (40) days between service on the Defendants, whereby creating a situation that was neither cost nor time efficient for any of the parties involved in this civil case. The United States District Court signed the order granting/recognizing the stipulation on June 26, 2008.

### B. Discussion

Under the Federal Rules of Civil Procedure, the Court for good cause shown may enlarge the time a party has to file a motion or pleading, including answering a complaint. Fed. R. Civ.

P. 6 (b). It is under this rule that the parties have stipulated to an extension of time believing that the island wide lack of consistent power qualifies as good cause.

The Office of the Attorney General has experienced numerous setbacks in conducting business and practicing law in a time efficient manner due to the rolling black outs that often last between one (1) and six (6) hours. Unfortunately, the Office of the Attorney General does not have a generator. Therefore, during the blackout periods, staff attorneys at the Office of the Attorney General are unable to use computers, conduct research, and/or utilize copy and fax machines to exchange information. Though efforts have been made to compensate for the loss of modern and energy dependent technology, certain deprivations have unavoidably affected the practice of law. Recognizing the affect that the lack of reliable energy has had on conducting business, the parties have stipulated to an extension of time of fifteen (15) days to answer and/or respond to the Plaintiff's complaint.

The parties have further stipulated to an extension of the time to answer and/or respond for the United States. As stated in the first stipulation, a gap of significant time between answers and/or responses could potentially be a costly and inefficient use of time for all parties involved, as well as the Court. Thus, the Plaintiff has agreed to grant the United States additional time to answer and/or respond to the complaint so that the deadline for the Commonwealth, the Attorney General, and the United States will coincide.

### C. Conclusion

In consideration of the above, the Plaintiff, the Commonwealth, the Attorney General for the Commonwealth, and the United States have stipulated to an extension of time that would allow the Commonwealth, the Attorney General for the Commonwealth, and the United States an additional fifteen (15) days to answer and/or respond to the Plaintiff's complaint.

Respectfully submitted 27th day of August of 2008.

_____   8/27/08
Ed Peterson   (CNMI Bar F-0354)    Date
Attorney for Plaintiff Mohammed Kamal Hossain
Micronesian Legal Services Corp.


_____   27 August 2008
Kevin Lynch  (CNMI Bar F-0230)    Date
Chief Prosecutor
Office of the Attorney General


_____   8/27/08
Kathleen Busenkell  (CNMI Bar T-0054)   Date
Assistant Attorney General
Office of the Attorney General


_____   8/27/08
Eric O'Malley                      Date
Assistant United States Attorney General
Office of the United States Attorney General