## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement"), dated as of August 1, 2003 (the "Execution Date"), is made by and between Xiu Ying Jiang, Wending Dong, Xingyou Dong, Juyel Ahmed, Uthayachandran R. Kandiah, Jayakumar A. Sevaratnam, Kanabasabai Selvalingnam, Janaka P.H. Nadungodage, Madpathage D. U. D. Senanayake, Yu Ren Huang, Li Tong Deng, Zhi Ping Hu, Yin Ping Guo, Xi Cheng Jin, Lan Ting Zhang, Qin Yin, Chun Fang Yue, Hui Ping Zhang, Mhing Zhuo Ling, Lin Zheng, Jian Shan Zheng, Rui Liang, Liao Da Nian, Mohammed Kamal Hossain, and Jane I. Roe (collectively, the "Plaintiffs"); and the United States, Colin Powell, and John Ashcroft (collectively, the "Federal Defendants");

WHEREAS, the Plaintiffs have asserted claims against the Federal Defendants in the consolidated actions titled <u>Jiang Xiu Ying v. United States</u>, Civ. Action No. 02-0023, 00-0005, 99-0046 (D.N.M.I.) (the "Consolidated Action");

WHEREAS, the parties to this agreement desire to resolve the Consolidated Action in lieu of incurring further litigation time, cost, and expense;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that:

1.     The United States shall pay Twenty-five Thousand Dollars ($25,000.00) for attorneys fees to the Plaintiffs within one-hundred and twenty (120) calendar days of the Execution Date.  The payment shall be made by electronic transfer or a check made payable to the Law Office of G. Anthony Long, Law Client Trust Account, and delivered to Office of G. Anthony Long, P.O. Box 504970, Second

GOVERNMENT EXHIBIT



Floor Lim's Building, San Jose Village, Saipan, MP, 96950. Delivery shall be considered made upon sending the check via first class mail, postage prepaid, or receipt of electronic transfer.

### Release and Dismissal of Action

2.      Within ten (10) calendar days of receiving the consideration described in Paragraph 1, the Plaintiffs shall file in the Consolidated Action such documents as are necessary to dismiss with prejudice any and all claims asserted in the Consolidated Action against the Federal Defendants. The dismissal contemplated by this paragraph shall in no way terminate or extinguish any requirement, duty, representation, covenant, or warranty contained in this Agreement. Each party shall bear its own fees and costs except as provided in Paragraph 1.

3.      Upon the execution of this Agreement, in consideration thereof, other good and sufficient consideration, and the mutual releases contained herein, receipt of which is hereby acknowledged, the parties hereto, except as otherwise provided in this Agreement, mutually release and discharge each other from all claims, obligations, demands, causes of action, suits or debts whatsoever, in law or equity, that they ever had, now have or may now have, from any claim, demand, cause of action, suit, debt, contract, agreement, obligation, or liability, whether known or unknown, related to or arising out of the matters at issue in the Consolidated Action.

4.      The Plaintiffs in the Consolidated Action acknowledge and agree that they may have claims against the Federal Defendants either singularly, jointly, or collectively which are unknown at present. The Plaintiffs, nevertheless,

singularly, jointly, or collectively warrant, covenant, and agree that, except as provided herein, this Agreement forever releases and discharges any and all claims, obligations, demands, causes of action, suits or debts, contracts, agreements, or liabilities of any kind whatsoever, in law or equity, that they ever had, now have or may now have against the Federal Defendants and any and all current and former officers, directors, agents, servants, employees (including, but not limited to, Colin Powell, John Ashcroft, Tom Ridge, Secretary of the Department of Homeland Security), attorneys, or representatives of the United States, Colin Powell, John Ashcroft, and Tom Ridge arising from the circumstances or occurrences alleged in the Consolidated Action.

5.      The Federal Defendants in the Consolidated Action acknowledge and agree that they may have claims against the Plaintiffs either singularly, jointly, or collectively which are unknown at present.  Federal Defendants, nevertheless, singularly, jointly, or collectively warrant, covenant, and agree that, except as provided herein, this Agreement forever releases and discharges any and all claims, obligations, demands, causes of action, suits or debts, contracts, agreements, or liabilities of any kind whatsoever, in law or equity, that they ever had, now have or may now have against the Plaintiffs arising from the circumstances or occurrences alleged in the Consolidated Action.  Nothing in this agreement shall preclude the United States or any department or agency thereof from instituting criminal, civil, or administrative proceedings against any of the Plaintiffs for any violation of federal law, including but not limited to any violation of the immigration laws, which the United States or any of its

departments or agencies finds cause to believe that any plaintiff has committed.

6.    The parties to this Agreement and their counsel mutually agree that no party or their counsel shall undertake any act of retaliation against any other party or their counsel for any action that party or counsel may have taken with respect to the Consolidated Action.

7.    The Plaintiffs agree that nothing in this Agreement shall be construed as creating any substantive or procedural right, privilege, or benefit enforceable at law or equity under the Immigration and Nationality Act, the Torture Victim Protection Act of 1991, Pub. Law 102-256 (Mar. 12, 1992), the Foreign Affairs Reform and Restructuring Act, Pub. Law 105-277, Div. G, section 2242(d), 1998 U.S.C.C.A.N. 112 Stat. 2681, 761-822 (Oct. 21, 1998), or any other statute, law, regulation, or agreement of the United States or the regulations promulgated thereunder. If Plaintiffs or individual Plaintiffs have rights or remedies under the above-named acts or any other federal law, independent of this agreement, this agreement has no preclusive effect upon such rights or remedies.

8.    The parties hereto understand and agree that this agreement is not an admission of liability of any kind whatsoever by any party hereto and that this agreement is meant solely to avoid the time, costs, and expense of continued litigation.

### Representations and Warranties

9.    **G. Anthony Long** hereby represents and warrants that:

(a)  He has the absolute and unrestricted right and capacity to enter into this Agreement on behalf of the Plaintiffs;

(b)  The Agreement constitutes the legal, valid, and binding obligation of the

4

Plaintiffs enforceable against them in accordance with its terms; and

(c) Mr. Long understands that, in entering into this Agreement, the Federal Defendants have reasonably relied and may reasonably rely on his express representations as set forth herein.

10.   **Bruce Lee Jorgensen** hereby represents and warrants that:

(a) He has the absolute and unrestricted right and capacity to enter into this Agreement on behalf of the Plaintiffs;

(b) The Agreement constitutes the legal, valid, and binding obligation of the Plaintiffs enforceable against them in accordance with its terms; and

(c) Mr. Jorgensen understands that, in entering into this Agreement, the Federal Defendants have relied on his representations as set forth herein.

11.   **Trial Attorney Cindy S. Ferrier with the United States Department of Justice, Office of Immigration Litigation,** hereby represents and warrants that:

(a) She has the absolute and unrestricted right and capacity to enter into this Agreement on behalf of the Federal Defendants;

(b) The Agreement constitutes the legal, valid, and binding obligation of the Federal Defendants enforceable against them in accordance with its terms; and

(c) Ms. Ferrier understands that, in entering into this Agreement, the Plaintiffs have relied on her express representations as set forth herein.

### Miscellaneous

12.   <u>Mutual drafting</u>.  In entering into this Agreement, the Parties represent that the terms of this Agreement are the product of mutual drafting by the parties and that each party has had the opportunity to have this Agreement reviewed by an

attorney of its own choice. The parties further agree that this Agreement shall not be construed in favor of or against either party based on one being deemed the drafter of this Agreement.

13. <u>Entire Agreement.</u> This Agreement, together with any documents identified or referred to herein, constitutes the entire Agreement between the parties. Each party hereby acknowledges that in executing this Agreement it has not been induced, persuaded, or motivated by any prior or contemporaneous agreement, promise or representation made by any other party, unless expressly set forth in this Agreement. All previous negotiations, statements, and preliminary instruments by the parties or their representatives are merged in this instrument. No party shall be bound by any terms, conditions, statements, or representations, oral or written, not herein contained. This agreement states on its face the entirety of the Federal Defendants' obligations and does not incorporate the provisions of any agreement that any other party may enter into with any of the Plaintiffs. The binding nature of this agreement's obligations and releases shall not be affected by any party's performance of, or failure to perform the terms of any other such agreement that the Plaintiffs enter into with another party or parties.

14. <u>Execution Date.</u> The Execution Date will be the date as of which all parties to the Agreement have signed it.

15. <u>Modification.</u> This Agreement may not be modified or amended except by an agreement in writing signed by the parties. The parties may waive or modify any of the conditions contained herein or any of the obligations of another party hereunder, but any such waiver or modification shall be effective only if it is in



writing and only against the parties to this Agreement that sign it.

16. <u>Headings.</u>  The descriptive headings of the sections and paragraphs contained in this Agreement are inserted for convenience only and shall not control or affect the meaning or construction of any of the provisions hereof.

17. <u>Multiple Originals.</u>  The parties may execute multiple copies of this Agreement. Each such executed original copy shall have the full force and effect of an original executed instrument.

18. <u>Severability.</u>  In the event that any of the provisions of this Agreement shall for any reason be held by a court of competent jurisdiction to be invalid, illegal, or unenforceable, such invalidity, illegality, or unenforceability shall not affect any other provision hereof, and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

19. <u>Third Parties.</u>  This Agreement is not and shall not be enforceable by any third party, and nothing contained in this Agreement shall create a contractual relationship or cause of action in favor of a third party against the Federal Defendants.

20. <u>Further Assurances.</u>  The parties agree to execute any and all documents and to do and perform any and all acts and things reasonably necessary or proper to effectuate the terms and provision of this Agreement.

//

//

//



IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first indicated above.

Date:  August 1, 2003

G. Anthony Long on behalf of the Plaintiffs

Date:  August 1, 2003

Bruce Lee Jorgensen on behalf of the Plaintiffs

Date:  August 1, 2003

Cindy S. Ferrier on behalf of the Federal Defendants

COPY of
Original Filed
on this date

DEC - 4 2003

Clerk
District Court
for The Northern Mariana Islands

1  Law Office of G. Anthony Long
   P. O. Box 504970, Second Floor Lim's Bldg.
2  San Jose, Saipan, MP 96950
   Telephone No. (670) 235-4802
3  Facsimile No. (670) 235-4801

4  Attorney for Plaintiffs

5

6              IN THE UNITED STATES DISTRICT COURT
                          FOR THE
7              NORTHERN MARIANA ISLANDS

8  JIANG XIU YING et al.,          ) CIVIL CASES  NO. 02-0023, 00-0005 and 99-0046
                                   )    (Consolidated Cases)
9         Plaintiffs               )
                                   )
10                                 )
            v.                     )
11                                 ) DISMISSAL WITH PREJUDICE
   UNITED STATES OF AMERICA        )
12                                 )
            Defendants             )
13                                 )
                                   )
14

15         Pursuant to the settlement agreement between the parties, the claims for relief against the

16  United States of America are hereby dismissed with prejudice pursuant to FRCP Rule

17  41(a)(1)(ii).

18  LAW OFFICE OF                        LEONARDO M. RAPADAS
19  G. ANTHONY LONG                      UNITED STATES ATTORNEY
                                         FOR GUAM  AND THE N.M.I.
20

21  By:                                  By: Gregory Baka
22     G. Anthony Long                      Gregory Baka
       Attorney for Plaintiffs              Assistant United States Attorney
23

    So **ORDERED** this 4th day of December, 2003.
24

25
                        Alex R. Munson
26                      Alex R. Munson
                        Judge, District Court
27

28


GOVERNMENT
EXHIBIT
2

Law Office of G. Anthony Long
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

COPY

Bruce L. Jorgensen
Lizama Building, 2d Floor
P.O. Box 5682 CHRB
Saipan, MP  96950
(670) 233-5261 (tel/fax)
Attorney for Plaintiffs

COPY of
Original Filed
on this date

JUN 3 0 2000

Clerk
District Court
For The Northern Mariana Islands

IN THE UNITED STATES DISTRICT COURT

FOR THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| RUI LIANG, LIAO DA NIAN, MOHAMMED KAMAL HOSSAIN, and JANE ROE I, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT GOLDBERG in his personal capacity, UNITED STATES OF AMERICA, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, and DOES 1-25, <br><br> Defendants. | Civil Action No. 99-0046 <br><br> SECOND AMENDED COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND FURTHER RELIEF; EXHIBITS "1"-"6" |

## SECOND AMENDED COMPLAINT
## FOR INJUNCTIVE, DECLARATORY AND FURTHER RELIEF

Plaintiffs, through counsel, allege the following:

1.   Plaintiff RUI LIANG ("Liang") is a citizen of the Peoples' Republic of China ("PRC") who is presently within the Commonwealth of the Northern Islands ("CNMI").

2.   Plaintiff LIAO DA NIAN ("Nian") is a PRC citizen presently within the CNMI.

3.   Plaintiff MOHAMMED KAMAL HOSSAIN ("Hossain") is a citizen of the Islamic Republic of Bangladesh ("IRB") who is presently within the CNMI.

1


GOVERNMENT
EXHIBIT
3

pursuant to Article X section 9 of the <u>Commonwealth Constitution</u>.

20. The factual and jurisdictional grounds upon which Plaintiffs' claims are premised entitle Plaintiffs to equitable as well as legal relief.

21. Venue of the claims at issue in this proceeding lies with this court in accordance with 28 U.S.C. §1391, 28 U.S.C. §1391, and other legal and equitable principles.

<u>BACKGROUND ALLEGATIONS COMMON TO ALL CLAIMS</u>

22. Plaintiffs repeat and reallege, and incorporate herein by reference, each and every allegation contained in the preceding paragraphs.

23. Plaintiffs include PRC nationals who, if repatriated to return to PRC, would be persecuted and/or tortured by effect of inhumane policies adopted and perpetuated by the PRC Government, including but not limited to the PRC Government's increasingly severe prosecution of members of the Falun Gong movement, the infliction of pain/torture upon PRC nationals by the PRC Government, and/or other PRC Government policies.

24. Plaintiffs include Bangladesh national Hossain who, as the result of having provided testimony on behalf of the United States Government in Criminal Proceeding No. 1:96 CR 00037-001, <u>see</u> **Exhibit "1"**, has been subjected to threats of physical violence and reprisal (including death) against himself, and his IRB-situated family, <u>see</u> **Exhibits "2"-"6"**. Despite this cooperation with law enforcement officials, as acknowledged in letters dated December

procedures.

53. Plaintiffs have attempted to acquire the protections required to be made available pursuant to the 1985 Torture Convention, including but not limited to protection from torture, and protection afforded by effect of non refoulement.

54. On August 10, 1999, Mr. Oscar Martinez, the INS official assigned to operate the only CNMI-situated INS office, provided notice to Plaintiffs and other similarly situated persons, that neither the CNMI-situated INS office manned by Mr. Martinez, nor any other INS office, will accept for submission and processing any I-590 forms.

55. Neither Mr. Martinez, any U.S. official, nor any CNMI official, have since August 10, 1999 refuted, recanted, or overruled Mr. Martinez' August 10, 1999 notice.

56. On August 12, 1999, information pertaining to the CNMI Government's policy respecting I-590 applicants, and the recent involvement of federal INS officials on the island of Tinian, was sought from both the CNMI Office of the Attorney General ("OAG") via letter to Acting Attorney General Maya Kara, and from the CNMI's Department of Labor and Immigration ("DOLI") via letter to DOLI Secretary Mark Zachares, pursuant to 1 CMC Division 9 (the "Open Government Act").

57. On August 20, 1999, Ms. Kara responded to the Open Government Act request by providing none of the requested information.

58. Neither Mr. Zachares nor any other DOLI official has ever

13

97.    The damages and injuries suffered by Plaintiffs Liang and Nian, as a direct and proximate result of Defendant Goldberg's acts, actions, and omissions, are recoverable pursuant to **42 U.S.C. §1983** and, are further recoverable pursuant to **28 U.S.C. §1350**.

98.    The above-described acts, actions, and omissions, including Defendant Goldberg's making, developing, implementing, commanding, and/or perpetuating the imprisonment of Plaintiffs Liang and Nian, was done by Defendant Goldberg in a willful, wanton, and intentional manner, for which those Plaintiffs are entitled to an award of **punitive damages**.

### COUNT 4

### ALL PLAINTIFFS---ASYLUM/PROTECTION FROM TORTURE

99.    Plaintiffs repeat and reallege, and incorporate by reference, each and every allegation contained in the preceding paragraphs.

100. Plaintiffs have attempted to acquire the protections required to be made available pursuant to the 1985 Torture Convention, including but not limited to protection from torture, and protection afforded by effect of non refoulement.

101. Defendants' previously and subsequently described conduct, including but not limited to the failure and/or unwillingness of Defendant U.S. and Defendant CNMI to create, devise, initiate, and perpetuate meaningful policies and procedures to ensure and facilitate an impartial determination of Plaintiffs' pending asylum applications/requests for protection from torture,



# United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, D.C. 20240

JUL 8 1998

Mr. Md. Kamal Hossain
PIC, HSKP Dept.
P.O. Box 2370
Saipan, MP 96950

Dear Mr. Hossain:

Thank you for your letter of June 24, 1998, requesting protection for your family in Bangladesh. The Department of the Interior is not a law enforcement agency and, thus, is unable to investigate cases or provide protection.

In response, I have forwarded your letter to the Office of the Deputy Attorney General in the U.S. Department of Justice and have asked them to follow-up on your request for protection of your family. In addition, I have alerted the Bureau of South Asian Affairs at the State Department of your situation.

If you should need additional information or have questions, please contact our Field Representative in Saipan, Mr. Jeff Schorr, at 670-234-8861.

Sincerely,

Allen P. Stayman
Director
Office of Insular Affairs



EXHIBIT 2



*United States Attorney*
*District of the Northern Mariana Islands*

P.O. Box 377                    (670) 234-9133
Saipan, MP 96950-0377          FAX (670) 233-7833

Thursday, 17 December 1998    gregory.baka@usdoj.gov

Mr. Kamal Hossain
c/o Housekeeping Department
Pacific Islands Club
P. O. Box 2370
Saipan, MP 96950-2370

Dear Mr. Hossain:

I have been asked to prepare a written response to your letter to Department of the Interior's Director of the Office of Insular Affairs, Allen P. Stayman.

You served as a trial witness against the defendant in the mail and wire fraud case of United States v. Akm. Alamgir Kasem, Crim. No. 96-00037 (D.N.M.I. sentenced June 26, 1997). In a related case, another defendant pleaded guilty to a one count information for retaliating against a testifying witness on 10 May 1997. See United States v. Abdur Rahim, Crim. No. 97-00026 (D.N.M.I. sentenced Dec. 4, 1997). As you know, you have met with me and Special Agent Steven K. Stokes of the Federal Bureau of Investigation on several occasions to discuss your request that the government relocate you, and your family in Bangladesh, to the United States because of alleged death threats received as a result of your cooperation in the Kasem case.

Although the matter is still under review, we continue to encourage you to provide any further information substantiating the alleged threats against your family and showing that a criminal organization or enterprise is responsible for the threats. Beyond this, we are precluded by legal and ethical considerations from commenting further on this matter because of its pending nature.

Please be assured of our commitment to full and fair consideration of your safety concerns. If you have any further information which might be of assistance, please provide that information to Special Agent Steven K. Stokes, Federal Bureau of Investigation, P.O. Box 2030, Saipan, MP 96950-2030.

Please also provide FBI Special Agent Steven K. Stokes with your current contact information.

Very truly yours,

*Gregory Baka*

Gregory Baka
Assistant U. S. Attorney

cc:   FBI SA Steven K. Stokes
      ADAG Jonathan D. Schwartz


EXHIBIT "3"

U.S. Department of Justice

**United States Attorney**

*District of the Northern Mariana Islands*

---

**Hand Delivered**

Tuesday, 23 November 1999

Mr. Kamal Hossain
c/o Housekeeping Department
Pacific Islands Club
P. O. Box 502370
Saipan, MP 96950-2370

*Sixth Floor, Nauru Bldg.*
*P.O. Box 577*  500377
*Saipan, CM 96950*
*Saipan, MP 96950-0377*

*(670) 236-2986*
*Overseas Operator*
*(670) 234-9133*
*FAX (670) 236-2945*
*gregory.baka@usdoj.gov*

                    Re:   Moving your family within Bangladesh

Dear Mr. Hossain:

This is in response to your letter of 25 October 1999 to Associate Deputy Attorney General Nicholas M. Gess. In your letter you seek "protection" for your wife and child in Bangladesh due to the deportation of a federal inmate, against whom you testified in a mail and wire fraud case. United States v. Akm. Alamgir Kasem, Crim. No. 96-00037 (D.N.M.I. verdict Apr. 2, sentenced June 26, 1997) (41 months imprisonment).

For over two years now, you have been working at the Pacific Islands Club—a major resort hotel on Saipan—employment that was arranged through the FBI. During 1998 and 1999 you have met numerous times with FBI agents and with myself concerning alleged ongoing threats in Dhaka to your family. As of this time you have not provided the FBI with any substantiation of these threats, other than letters from your wife. You have apparently disregarded their advice to report the incidents to the police in Bangladesh, to provide copies of such official reports to the FBI, and to relocate your family within Bangladesh if necessary.

If you do have additional official corroboration, please furnish it to us. As you are aware, the Islamic Republic of Bangladesh is a sovereign nation with its own law enforcement. Based upon the evidence you have provided so far, the United States has no jurisdiction over the offenses you allege.

                                        Very truly yours,

                                        FREDERICK A. BLACK
                                        United States Attorney

                                        *Gregory Baka*

                                        GREGORY BAKA
                                        Assistant United States Attorney

n:\ . . . \gbaka\criminal\cases\immign\hossain\hossain2.ltr



EXHIBIT "6"