Bruce L. Jorgensen
MSV II Building, 2d Floor
P.O. Box 5682 CHRB
Saipan, MP  96950
(670) 233-5261 (tel)
(670) 233-5260 (fax)

Attorney for Plaintiffs
Rui Liang
and Liao Da Nian

F I L E D
Clerk
District Court

SEP 0 2 1999

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| RUI LANG and LIAO DA NIAN,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br>COMMONWEALTH OF THE NORTHERN<br>MARIANA ISLANDS, and DOES<br>1-25,<br><br>　　　　　Defendants. | Civil Action No. 99-0046<br><br>COMPLAINT FOR DECLARATORY,<br>INJUNCTIVE, AND FURTHER RELIEF;<br>EXHIBITS "1"-"5" |

Plaintiffs RUI LIANG and LIAO DA NIAN, through counsel, allege
the following:

1.　　Plaintiff RUI LIANG ("Rui") is a citizen of the Peoples'
Republic of China ("PRC") who is presently within the Commonwealth
of the Northern Mariana Islands.

2.　　Plaintiff LIAO DA NIAN ("Liao") is a PRC citizen who is
presently within the Commonwealth of the Northern Mariana Islands.

3.　　Defendant UNITED STATES OF AMERICA ("U.S. Government") is
a governmental entity.

4.　　Defendant COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
("CNMI Government") is a governmental entity.

5.　　Defendants DOES 1-25 ("Does") are sued herein under

1



COMMONWEALTH'S
EXHIBIT
A

fictitious names for the reason that, despite diligent and good faith efforts to obtain information, Does' true names, identities, and capacities, are presently unknown to Plaintiffs, except that they include, but are not limited to persons and/or entities who have injured and/or harmed Plaintiffs, who have violated rights and protections guaranteed to Plaintiffs by effect of the <u>Commonwealth Code</u>, the <u>Commonwealth Constitution</u>, the <u>Constitution of the United States of America</u>, the <u>1951 Convention Relating To the Status Of Refugees</u> ("Convention"), and the <u>1967 Protocol</u> to the Convention, who have violated Federal and CNMI laws to Plaintiffs' detriment, who have otherwise harmed and damaged Plaintiffs or, in some manner presently unknown to Plaintiffs, were engaged or shall engage in those activities or other activities alleged in this civil action.

6.    Does conducted the previously described activities, or intend to conduct such activities, in an intentional or in an inequitable, or in a negligent and/or otherwise wrongful manner, which activities were or shall be a legal cause of injuries or damages to Plaintiffs, and/or conducted some other activities in an intentional or in a negligent or dangerous manner which activities were or shall be a legal cause of injuries or damages to Plaintiffs, and/or were in some manner (or shall be) related to the named Defendant.

7.    Plaintiffs and/or their representatives have made diligent and good faith efforts to ascertain the full names and identities, and the extents and natures of interests, of Additional Defendants, in the events upon which Plaintiffs' claims are

2

premised.

8.    Plaintiffs remain unable, at this time, to identify with particularity Does (and/or their nationalities and/or their titles and/or their relationship to Defendants as employees or independent contractors or officers or directors or shareholders) against whom Plaintiffs have additional prospective claims, and seek leave to amend this complaint, in order to more specifically name and identify Does. if and when the identities of those defendants is more fully and accurately determined.

## JURISDICTION

9.    Plaintiffs repeat and reallege, and incorporate herein by reference, each and every allegation contained in the preceding paragraphs.

10.    This court has personal jurisdiction over Rui.

11.    This court has personal jurisdiction over Liao.

12.    This court has personal jurisdiction over the U.S. Government.

13.    This court has personal jurisdiction over the CNMI Government.

14.    This court has personal jurisdiction over Does.

15.    This court has original subject matter jurisdiction over this civil action, pursuant to 28 U.S.C. §1331, in that Plaintiff's claims involve:

(i) the construction or interpretation of treaties and/or international agreements, and/or customary international law,

3

and/or international protocols (including the <u>1967 Protocol</u> to the <u>Convention</u>) to which the U.S. Government has acceded, and to which the CNMI Government is thereby bound and obligated; and/or,

(ii) conduct made unlawful by effect of 42 U.S.C.§1983.

16.    This court, pursuant to 28 U.S.C. §1367(a), has supplemental jurisdiction over all other claims alleged by Plaintiffs in this civil action, which claims form part of the same controversy.

17.    The factual and jurisdictional grounds upon which Plaintiffs' claims are premised entitle Plaintiffs to equitable as well as legal relief.

18.    Venue of the claims at issue in this proceeding lies with this court in accordance with 28 U.S.C. §1391 and other legal and equitable principles.

## BACKGROUND ALLEGATIONS COMMON TO ALL CLAIMS

19.    Plaintiffs repeat and reallege, and incorporate herein by reference, each and every allegation contained in the preceding paragraphs.

20.    Rui was inflicted with a gunshot wound caused by PRC Government security forces while Rui participated in a Pro-democracy demonstration several years ago, in Beijing, at Tiannmen Square.    Rui is also a practicing Christian with lengthy ties to Christian church organizations on Guam and within the CNMI. Additionally, Rui is married to U.S. citizen now residing in the CNMI.

4

21. Rui's former friend, named Liang Fei ("Fei"), associated with Rui in PRC at the time Rui was shot. Fei later travelled to Guam, where he obtained a U.S. "green card". Fei later planned a temporary visit to PRC. After arriving there, however, Fei was, upon information and belief, forced to relinquish possession of his "green card" to PRC officials, and precluded by PRC officials from leaving PRC. Fei, upon information and belief, was either imprisoned or killed by PRC officials as retribution for the role Fei played, together with Rui, in PRC-situated pro-democracy demonstrations..

22. PRC officials have, upon information and belief, refused to provide to Rui a PRC passport because PRC officials want Rui deported to the PRC where, upon arrival, Rui expects that he will be killed, imprisoned, tortured, or otherwise persecuted by PRC officials, as the result of his pro-democracy political activities, Christian religious activities, and willingness to fight against deportation to PRC by way of filing this lawsuit.

23. Rui is presently incarcerated at the CNMI Government's Immigration Detention Center where, as a consequence of internal injuries, he must receive frequent medical attention.

24. CNMI Government officials are currently attempting, through the CNMI Superior Court, to deport Rui to the PRC.

25. Liao has resided in the CNMI for many years. To finance his departure from the PRC and his travel to the CNMI, Liao borrowed funds (totalling more than U.S. $10,000.00) from persons who, upon information and belief, are affiliated with or connected

5

to politically powerful PRC Government officials.   Liao also has
more than one child presently within the PRC.

26.   Liao has friends who, like Liao, departed the PRC by
borrowing funds from persons who, upon information and belief, are
affiliated with or connected to or work in tandem with politically
powerful PRC Government officials.

27.   Persons like Liao, who have departed the PRC by borrowing
funds from persons reputedly affiliated with or connected to or
working   in   tandem   with   politically   powerful   PRC   Government
officials, must either repay those funds with exorbitant interest
or, upon information and belief, will face the prospect of being
personally threatened/harmed or having PRC-situated family members
threatened/harmed, by PRC Government officials or persons acting in
concert with or under the protection of or in tandem with PRC
Government officials.   Liao, however, is financially unable to
currently repay his U.S. $10,000.00-plus monetary obligation to
persons acting in concert with or under the protection of or in
tandem with PRC Government officials.

28.   Persons like Liao, who have more than one child residing
with the PRC, upon information and belief, are likely to be
harassed, persecuted, sterilized, and/or otherwise harmed within
the PRC, by PRC Government officials or persons acting in concert
with or under the protection of or in tandem with PRC Government
officials.

29.   Liao,   who   voluntarily   participated   in   the   CNMI
Government's   recent   "amnesty"   immigration   program,   currently

6

remains incarcerated at the CNMI Government's Immigration Detention Center.

30.   CNMI Government officials are currently attempting, through the CNMI Superior Court, to deport Liao to the PRC.

31.   In the event that Rui is deported or otherwise forced to return to the PRC, he will, upon information and belief, face additional persecution by PRC Government officials as a consequence of having filed this civil action and otherwise exercising those protections guaranteed to him pursuant to the U.S. Constitution, the CNMI Constitution, and related laws, rights, and treaties.

32.   In the event that Liao is deported or otherwise forced to return to the PRC, he will, upon information and belief, face additional persecution by PRC Government officials as a consequence of having filed this civil action and otherwise exercising those protections guaranteed to him pursuant to the U.S. Constitution, the CNMI Constitution, and related laws, rights, and treaties.

33.   The U.S. Government is empowered with authority over all U.S. treaties, international human rights obligations, and matters falling with the scope of the <u>Immigration and Naturalization Act</u> ("INA").

34.   The U.S. Government was required to served as fiduciary to the CNMI, prior to enactment of the <u>Covenant</u>, in accordance with that entity known as the <u>Trust Territory of the Pacific Islands</u> ("TT").

35.   Throughout the TT's existence, the U.S. Government's fiduciary duties obligated the U.S. Government to regulate human

7

rights and immigration matters within the CNMI, including but not limited to issues relating to asylum/refugee requests by persons from PRC and elsewhere.

36.   Following enactment of the Covenant, the U.S. Government retained control of various matters, including the application of the INA within the CNMI, under various circumstances.

37.   The INA is applicable today within the CNMI under various circumstances.

38.   Following enactment of the Covenant, the U.S. Government retained control, and today maintains control, over various matters, including:

(i)   the application of international human rights obligations within the CNMI;

(ii) the processing of asylum/refugee applications; and,

(iii) the resolution of issues relating to asylum/refugee requests by persons from PRC and elsewhere.

39.   The U.S. Government has acceded to the 1967 Protocol to the Convention.

40.   The U.S. Government's accession to the 1967 Protocol binds and obligates the CNMI Government to both the 1967 Protocol and to the Convention.

41.   The CNMI Government has enacted no meaningful policies or procedures by which the CNMI Government adequately ensures that the CNMI Government upholds its obligations to persons seeking asylum/refugee status under either U.S. law or under the 1967 Protocol and the Convention.

8

## COUNT 1

### CONSTITUTIONAL/RELATED DEPRIVATIONS

42.  Plaintiffs repeat and reallege, and incorporate by reference, each and every allegation contained in the preceding paragraphs.

43.  The U.S. Government's Immigration and Naturalization Service ("INS") regularly publishes and distributes a document known as Form I-590, a true and correct copy of which is appended to this complaint and designated **Exhibit "1-A"**.

44.  Rui has completed a Form I-590.  See, **Exhibit "1-B"**.

45.  Liao has completed a Form I-590.  See, **Exhibit "1-C"**.

46.  The I-590 forms completed by Rui, Liao, and others, have been transmitted to INS offices situated at Saipan, Honolulu, and Bangkok, for processing by INS officials in accordance with INS asylum/refugee standards made applicable under U.S. law.

47.  The I-590 forms completed by Rui, Liao, and others, have been transmitted to INS offices situated at Saipan, Honolulu, and Bangkok, for processing by INS officials in accordance with United Nations asylum/refugee standards made applicable under treaties and/or international agreements, and/or customary international law, and/or international protocols (including the Convention and the 1967 Protocol).

48.  On August 10, 1999, Mr. Oscar Martinez, the INS official assigned to operate the only CNMI-situated INS office, provided notice to Plaintiffs and other similarly situated persons, that neither the CNMI-situated INS office manned by Mr. Martinez, nor

9

any other INS office, will accept for submission and processing any I-590 forms.  <u>See</u>, **Exhibits "2"-"3"**.

49.  On August 12, 1999, information pertaining to the CNMI Government's policy respecting I-590 applicants, and the recent involvement of federal INS officials on the island of Tinian, was sought from both the CNMI Office of the Attorney General ("OAG") via letter to Acting Attorney General Maya Kara, and from the CNMI's Department of Labor and Immigration ("DOLI") via letter to DOLI Secretary Mark Zachares, pursuant to 1 CMC Division 5 (the "Open Government Act").  <u>See</u>, **Exhibit "4"**.

50.  On August 20, 1999, Ms. Kara responded to the <u>Open Government Act</u> request by providing none of the requested information.  <u>See</u>, **Exhibit "5"**.

51.  To date, neither Mr. Zachares nor any other DOLI official has responded to the <u>Open Government Act</u> request.

52.  Defendants' previously and subsequently described conduct constitutes a violation of INS asylum/refugee standards made applicable under U.S. law including but not limited to 42 U.S.C.§1983.

53.  Defendants' previously and subsequently described conduct constitutes a violation of United Nations asylum/refugee standards made applicable under treaties and/or international agreements, and/or customary international law, and/or international protocols (including the <u>Convention</u> and the <u>1967 Protocol</u>).

54.  Defendants' previously and subsequently described conduct constitutes a violation rights guaranteed to Plaintiffs by effect

10

of the CNMI Constitution.

55.   Defendants' previously and subsequently described conduct constitutes a violation of rights guaranteed to Plaintiffs by effect of the U.S Constitution.

56.   Defendants' previously and subsequently described conduct constitutes a violation rights guaranteed to Plaintiffs by effect of U.S. laws.

57.   Defendants are liable to each Plaintiff as a consequence of the previously-described conduct for which recovery will be sought in an amount which will be proven at trial.

## COUNT 2

### INJUNCTIVE RELIEF TO PRECLUDE ARTICLE 33 VIOLATION

58.   Plaintiffs repeat and reallege, and incorporate herein by reference, each and every allegation contained in the preceding paragraphs.

59.   The CNMI Government is currently attempting to deport Plaintiffs, and others similarly situated, by subjecting them to refoulment (return) to their countries of origin.

60.   The CNMI Government's attempt to deport Plaintiffs, and others similarly situated, by subjecting those persons to refoulment to their countries of origin, **constitutes a violation of Article 33 of the Convention.**

61.   Pursuant to the U.S. Government's accession to the 1967 Protocol and the Convention, and the binding effect of the 1967 Protocol on the CNMI Government, the U.S. Government is deemed

11

responsible for ensuring that persons seeking refugee/asylum within the CNMI, including Plaintiffs, are not subject to <u>refoulment</u> to their countries of origin in violation of Article 33 of the <u>Convention</u>.

62.   The  U.S.  Government  has,  to  date,  shirked  its responsibility to ensure that persons seeking refugee/asylum within the CNMI, including Plaintiffs, are not subject to <u>refoulment</u> to their countries of origin in violation of Article 33 of the <u>Convention</u>.

63.   If  this  Court  does  not  grant  **injunctive  relief restraining and enjoining Defendants from subjecting Plaintiffs to <u>refoulment</u>**, then Plaintiffs shall be forced to return to the PRC in violation of Article 33 of the <u>Convention</u>, and thereby suffer irreparable harm.

64.   Plaintiffs therefore seek injunctive relief, in the form of a temporary restraining order and a preliminary injunction, to preserve the <u>status quo</u> pending the acceptance and processing of Plaintiff's Form I-590 by INS officials, and/or United Nations officials, and/or both INS and United Nations officials.

### COUNT 3

**FAILURE TO PRODUCE AND TO PERMIT
COPYING OF PUBLIC RECORDS REQUESTED AUGUST 12, 1999**

65.   Plaintiffs  repeat  and  reallege,  and  incorporate  by reference, each and every allegation contained in the preceding paragraphs.

66.   The records described in **Exhibit "4"** constitute records

which the CNMI Government is required by law to keep or which are necessary for the CNMI Government to keep in discharge of duties imposed by law, and include written and printed reports, papers, maps, and/or plans; and, **(ii)** consist of documents and information which fell within the ambit of the August 9, 1999 **Open Government Act** request submitted on Plaintiffs' behalf, and the CNMI Government's response dated August 20, 1999.

67.  The records/documents described in **Exhibit "4"** constitute 1 CMC §9902 (f) "public records".

68.  The documents described in **Exhibit "4"** were required, by effect of **1 CMC §9917(a)**, to be made available for inspection and copying, within **ten (10) days** of the August 9, 1999 service of **Exhibit "4"**.

69.  The failure by AGO and DOLI officials to make the records documents, described is **Exhibit "4"**, available on or before **August 20, 1999**, for inspection and for copying, constitutes a violation of the **Open Government Act**, for which the CNMI Government is liable to Plaintiffs.


### COUNT 4

### CONCEALMENT:   CONCEALED KNOWLEDGE OR INFORMATION

70.  Plaintiffs repeat and reallege, and incorporate herein by reference, each and every allegation contained in the preceding paragraphs.

71.  For more than two years, Defendants intentionally and/or negligently concealed Defendants' knowledge or information

concerning the acceptance and processing of asylum/refugee applications by PRC citizens within the CNMI, including but not limited to the claims now being asserted by Plaintiffs, and the unconstitutional and unlawful deprivations to which Plaintiffs and others similarly situated have been subjected by Defendants.

72.   Since Plaintiffs were unaware of the concealed knowledge or information, and had relied upon Defendants to comply with Defendants' obligations to provide that knowledge or information, Plaintiffs were misled.

73.   Defendants' concealment was negligent and/or intentional.

74.   Defendants' previously-described conduct has caused Plaintiffs to suffer, and to continue suffering, injuries and damages.

75.   Defendants are liable to Plaintiffs as a consequence of the previously-described conduct for all of the previously-described injuries and damages, and for further damages, for which recovery will be sought in an amount which will be proven at trial.

76.   In order to deter Defendants' previously-described wrongful, wanton, and wilful conduct, Plaintiffs further request that punitive damages be imposed against Defendants in an amount to be determined at trial.

### COUNT 5

### EMOTIONAL DISTRESS

77.   Plaintiffs repeat and reallege, and incorporate herein by reference, each and every allegation contained in the preceding

14

paragraphs.

78.  The above-described conduct caused Plaintiffs to suffer from emotional distress and trauma.

79.  The above-described conduct constitutes the infliction by Defendants of emotional distress upon Plaintiffs.

80.  The infliction by Defendants of the above-described emotional distress upon Plaintiffs was either intentional or negligent.

81.  Defendants are liable to Plaintiffs, as a consequence of the previously described conduct, for the intentional and/or negligent infliction of emotional distress upon Plaintiffs by Defendants, and for further damages in an amount to be proven at trial.


### COUNT 6

### ESTOPPEL

82.  Plaintiffs repeat and reallege, and incorporate herein by reference, each and every allegation contained in the preceding paragraphs.

83.  By effect of the policy provisions and other representations, Defendants made promises, inducements, and/or public representations, to Plaintiffs and others, upon which Plaintiffs and others relied to Plaintiffs' detriment.

84.  Defendants' previously described conduct has caused Plaintiffs to suffer the previously described damages.

85.  Defendants, having made the previously described

promises, inducements, and/or public representations, and having caused Plaintiffs and others to detrimentally rely upon those promises, inducements, and/or representations, are prohibited and estopped from denying the substance and effect of Defendants' promises, inducements, and/or public representations.

## COUNT 7

### PUNITIVE DAMAGES

86.  Plaintiffs repeat and reallege, and incorporate herein by reference, each and every allegation contained in the preceding paragraphs.

87.  Defendants' above-described conduct was calculated, wilful, wanton, reckless, malicious, and/or engaged in by Defendants with conscious indifference to the consequences and to Plaintiffs' rights.

88.  Defendants' above-described conduct has caused and will continue to cause Plaintiffs to suffer the previously described damages.

89.  Defendants' above-described conduct, by and through Defendants, and Defendants' employees, agents, partners, joint venturers, designees, assignees, affiliates, associates, subagents, servants, employers, representatives, associates, officers, directors, administrators, contractors, sub-contractors, and/or related persons and/or entities designated Does, has been ratified, validated, endorsed, defended, supported, acquiesced to, and/or approved by Defendants or with other lawful authority on behalf of

Defendants and/or one another.

90.    Plaintiffs are entitled to an award of punitive damages against Defendants to deter Defendants in the future from initiating, engaging, and/or perpetuating, against Plaintiffs and others (including but not limited to PRC citizens presently within the CNMI) such previously described conduct.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request issuance of the following:

1.    A declaration confirming that:

a.    the CNMI Government's attempt to deport Plaintiffs, and others similarly situated, by subjecting them to refoulment to their countries of origin, constitutes a violation of Article 33 of the Convention;

b.    pursuant to the U.S. Government's accession to the 1967 Protocol and the Convention, and the binding effect of the 1967 Protocol on the CNMI Government, the U.S. Government is deemed responsible for ensuring that persons seeking refugee/asylum within the CNMI, including Plaintiffs, are not subject to refoulment to their countries of origin in violation of Article 33 of the Convention; and,

c.    the U.S. Government has, to date, taken no adequate steps to ensure that persons seeking refugee/asylum within the CNMI, including Plaintiffs, are not subject to refoulment to their countries of origin in violation of Article 33 of the

17

<u>Convention</u>.

2.    Issuance of injunctive relief, in the form of a temporary restraining order and a preliminary injunction, which relief:

a.    enjoins    and    restrains    Defendants    from subjecting Plaintiffs to <u>refoulment</u>, and from otherwise coercing or forcing Plaintiffs to return to the Peoples' Republic of China in violation of Article 33 of the <u>Convention</u>, and thereby suffer irreparable harm;

b.    preserves the <u>status quo</u> pending the acceptance and processing of Plaintiff's Form I-590 by INS officials, and/or United Nations officials, and/or both INS and United Nations officials;

c.    compels INS officials to accept and process Plaintiffs' Form I-590 applications; and,

d.    compels INS officials to forward Plaintiffs' Form I-590 applications to United Nations officials for acceptance and processing.

3.    A judgment, jointly and severally against all Defendants, for:

a.    General Damages;

b.    Punitive Damages;

c.    Prejudgment Interest;

d.    Postjudgment Interest;

e.    Attorneys' Fees and Costs; and,

f.    Such other and further legal and equitable relief    as    is    deemed    appropriate    given    the    above-described

circumstances.

Dated:    Saipan, MP, September 2, 1999.

Bruce L. Jorgensen
Attorney for Plaintiffs
Rui Liang and Liao Da Nian

19

Type or print the following information. *(Read instructions on reverse)*    File No.: _____

1. Name: _____    *(First)*    *(Middle)*    *(Last)*

2. Present address: _____

| 3. Date of birth: *(month/day/year)* | Place of birth *(city or town)* | *(Province)* | *(Country)* | Present nationality: |
|---|---|---|---|---|

| 4. Country from which I fled or was displaced : | On or about *(month/day/year)*: |
|---|---|

5. Reasons *(State in detail)*: _____
_____
_____
_____
_____
_____
_____
_____

6. My present immigration status in _____ is: _____
*(country in which residing)*

Evidence of my immigration status is: _____

*(Describe)* _____

| 7. Name of spouse: | 8. Present address of spouse *(if different)* | 9. Nationality of spouse: |
|---|---|---|

10. My spouse ☐ will  ☐ will not  accompany me to the United States.

| 11. Name of child (ren) | Date of birth | Place of birth | Present address *(if different)* |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Place a mark (x) in front of name of each child who will accompany you to the United States.

12. Schooling or education

| Name and location of school | Type | Dates attended | Title of degree or diploma |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

13. Military service

| Country | Branch and organization | Dates | Serial No. | Rank attained |
|---|---|---|---|---|
| | | | | |
| | | | | |

Form I-590 (Rev. 11-13-92)Y

EXHIBIT "I-A"

14.  Political, professional or social organizations of which I am now or have been a member or with which I am now or have been affiliated since my 16th birthday (If you have never been a member of any organization, state "None.")

_____
_____
_____

15.  I  ☐ have  ☐ have not been charged with a violation of law. (If you have ever been charged with a violation of law, give date, place and nature of each charge and the final result.)

_____
_____

16.  I  ☐ have  ☐ have not been in the United States. (If you have ever been in the United States, show the dates of entry and departure and the purpose of your entry (visitor, permanent resident, student, seaman, etc.).

_____ File or Alien Registration Number: _____

17.  I have the following close relatives in the United States:

| Name | Relationship | Present address |
|------|--------------|-----------------|
|      |              |                 |
|      |              |                 |

18.  I am being sponsored by ( Name and address of United States sponsor):

| Date: | Signature of registrant: |
|-------|--------------------------|

## DO NOT WRITE BELOW THIS LINE

I, _____, do swear (affirm) that I know the contents of this registration subscribed by me including the attached documents, that the same are true to the best of my knowledge, and that corrections numbered ( ) to ( ) were made by me or at my request, and that this registration was signed by me with my full, true name:

_____
*(Complete and true signature of registrant)*

Subscribed and sworn to before me by the above-named registrant at_____ on_____

_____
*(month/day/year)*

_____
*(Signature and title of officer)*

| INTERVIEW | APPROVED | |
|-----------|----------|---|
| DATE | DATE | |
| AT | | |
| _____ | _____ | |
| Immigration Officer | Officer in Charge | |

## INSTRUCTIONS

This form should be executed, signed and submitted to the Officer in Charge of the nearest overseas office of the United States Immigration and Naturalization Service. When your name has been reached as a registrant you will be furnished additional instructions.

**Registration** - A separate Registration Form must be executed by each registrant and submitted in one copy. A Registration Form in behalf of a child under 14 years of age shall be executed by the parent or guardian.

**Public reporting burden** for this collection of information is estimated to average 35 minutes per response. If you have comments regarding the accuracy of this estimate or suggestions for simplifying this form, you can write to both the U.S. Department of Justice, Immigration and Naturalization Service Policy Directives and Instructions Branch (HQPDIB), Washington, D.C. 20536 and to the Office of Management and Budget, Paperwork Reduction Project: OMB No. 1115-0057, Washington, D.C. 20503.

Type or print the following information. *(Read instructions on reverse.)*    File No.: _____

COPY

| | | (First) | (Middle) | (Last) |
|---|---|---|---|---|
| 1. | | RUI | LIANG | |

2. **Present address:**
Department 95, PMB 10001, Saipan MP 96950

| 3. | Date of birth: *(month/day/year)* | Place of birth *(city or town)* | *(Province)* | *(Country)* | Present nationality: |
|---|---|---|---|---|---|
| | 01/30/55 | Beijing | | PRC | PRC |

| 4. | Country from which I fled or was displaced: | On or about *(month/day/year):* |
|---|---|---|
| | Peoples' Republic of China | August 5, 1992 |

5. **Reasons** *(State in detail):*
Applicant was inflicted with a gunshot wound caused by PRC security forces while applicant participated in pro-democracy demonstrations in Beijing. To avoid subsequent persecution, applicant escaped PRC with assistan from otherPRC citizens. Applicant is also a practicing Christian, with more than one child, and is married to a U.S. Citizen. Applicant's co-demonstrator is believed to have been jailed or killed upon returning to PRC. Applicant fears jail, torture, or death by PRC officials if applicant is deported to PR

6. My present immigration status in **Saipan, CNMI** is: **Immigration Detention**
*(country in which residing)*

Evidence of my immigration status is:
*(Describe)* Not available: PRC officials refuse to issue passport hoping, instead for applicant to be deported to PRC.

| 7. Name of spouse: | 8. Present address of spouse *(if different)* | 9. Nationality of spouse: |
|---|---|---|
| Herring, Liang Mui | Same | United States |

10. My spouse ☒ will ☐ will not accompany me to the United States.

| 11. Name of child (ren) | Date of birth | Place of birth | Present address *(if different)* |
|---|---|---|---|
| Si Chen Liang | 10/1/85 | Beijing | Beijing |
| | | | |
| | | | |
| | | | |

Place a mark (x) in front of name of each child who will accompany you to the United States.

12. Schooling or education

| Name and location of school | Type | Dates attended | Title of degree or diploma |
|---|---|---|---|
| Middle School | | through 6th grade | |
| High School | | 1971 | High School Graduate |
| | | | |
| | | | |

13. Military service    N/A

| Country | Branch and organization | Dates | Serial No. | Rank attained |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

Form I-590 (Rev. 11-13-92)Y

EXHIBIT "1-B"

14  Political, professional or social organizations of which I am now or have been a member or with which I am now or have been affiliated since my 16th
    birthday (If you have never been a member of any organization, state "None.")

Good Message Chinese (Christian) Mission, c/o Rev. Larry Hsieh,
P.O. Box 20099 GMF, Guam, Tel. (671) 477-8959
Korean Presbyterian Church, Chinatown, Saipan MP

15.  I ☐ have ☒ have not been charged with a violation of law. (If you have ever been charged with a violation of law, give date, place and nature of
     each charge and the final result.)

16.  I ☒ have ☐ have not been in the United States. (If you have ever been in the United States, show the dates of entry and departure and the
     purpose of your entry (visitor, permanent resident, student, seaman, etc.).
     I have been to Guam. There, I married my wife. My Social Security Number
     is 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.
     ─────────── File or Alien Registration Number: ───────────

17.  I have the following close relatives in the United States:

| Name | Relationship | Present address |
|------|--------------|-----------------|
| Herring, Liang Mui | Wife | Same as above |

18.  I am being sponsored by (Name and address of United States sponsor):

Liang Mui Herring (my wife). Attached are my marriage documents.

Date: 8/30/99        Signature of registrant:  *Rui Liang*

### DO NOT WRITE BELOW THIS LINE

I,_____, do swear (affirm) that I know the contents of this registration subscribed by me including the attached documents, that the same
are true to the best of my knowledge, and that corrections numbered ( ) to ( ) were made by me or at my request, and that this registration was signed
by me with my full, true name:

_____
(Complete and true signature of registrant)

Subscribed and sworn to before me by the above-named registrant at_____on_____

_____  (month/day/year)

_____
(Signature and title of officer)

| INTERVIEW | APPROVED | |
|-----------|----------|--|
| DATE | DATE | |
| AT | | |
| _____ | _____ | |
| Immigration Officer | Officer in Charge | |

### INSTRUCTIONS

This form should be executed, signed and submitted to the Officer in Charge of the nearest overseas office of the United States Immigration and
Naturalization Service. When your name has been reached as a registrant you will be furnished additional instructions.

**Registration** - A separate Registration Form must be executed by each registrant and submitted in one copy. A Registration Form in behalf of a child
under 14 years of age shall be executed by the parent or guardian.

Public reporting burden for this collection of information is estimated to average 35 minutes per response. If you have comments regarding the
accuracy of this estimate or suggestions for simplifying this form, you can write to both the U.S. Department of Justice, Immigration and Naturalization
Service Policy Directives and Instructions Branch (HQPDIB), Washington, D.C. 20536 and to the Office of Management and Budget, Paperwork
Reduction Project: OMB No. 1115-0057, Washington, D.C. 20503.

GOVERNMENT OF GUAM
U.S. STANDARD
LICENSE AND CERTIFICATE OF MARRIAGE

TYPE/PRINT
IN
PERMANENT
BLACK INK
FOR
INSTRUCTIONS
SEE
HANDBOOK

LICENSE NUMBER **15251**                                                    FILE NUMBER

| | | |
|---|---|---|
| 1. GROOM'S NAME *(First, Middle, Last)* **RUI LIANG** | 2. AGE LAST BIRTHDAY **43** | |
| 3. RESIDENCE—CITY, TOWN, OR LOCATION **Radio Barrigada East 231, Barrigada China** | 3a. SS No. **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** PP#0197830 | |
| 3a. STATE **Guam** | 4. BIRTHPLACE *(State or Foreign Country)* **Beijing China** | 5. DATE OF BIRTH *(Month, Day, Year)* **January 30, 1955** |
| 6. FATHER'S NAME *(First, Middle, Last)* **Yui Liang** | 6a. BIRTHPLACE *(State or Foreign Country)* **China** | 7. MOTHER'S NAME *(First, Middle, Maiden Surname)* **Qi Tan Men** 7a. BIRTHPLACE *(State or Foreign Country)* **China** |

| | | |
|---|---|---|
| 8a. BRIDE'S NAME *(First, Middle, Last)* **LIANG MUI HERRING** | 8a. MAIDEN SURNAME *(if different)* | 8. AGE LAST BIRTHDAY **63** |
| 10a. RESIDENCE—CITY, TOWN, OR LOCATION **Radio Barrigada East 231, Barrigada** | 10a. SS No. **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** U.S. PP#120362156 | |
| 10a. STATE **Guam** | 11. BIRTHPLACE *(State or Foreign Country)* **China** | 12. DATE OF BIRTH *(Month, Day, Year)* **July 03, 1934** |
| 13a. FATHER'S NAME *(First, Middle, Last)* **Ch Liang** | 13a. BIRTHPLACE *(State or Foreign Country)* **China** | 14a. MOTHER'S NAME *(First, Middle, Maiden Surname)* **Ch Kim** 14a. BIRTHPLACE *(State or Foreign Country)* **China** |

WE HEREBY CERTIFY THAT THE INFORMATION PROVIDED IS CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF AND THAT WE ARE FREE TO MARRY UNDER THE LAWS OF THIS TERRITORY.

| 15. GROOM'S SIGNATURE | 16. BRIDE'S SIGNATURE |
|---|---|
| ▶ *Rui Liang* | ▶ |

This License Authorizes the Marriage in this Territory of the Parties Named above By Any Person Duly Authorized to Perform a Marriage Ceremony Under the Laws of the Territory of Guam.

17. EXPIRATION DATE *(Month, Day, Year)* **MAR 13 1998**

| 18. ISSUED TO AND SWORN TO BEFORE ME ON *(Month, Day, Year)* **January 8, 1998** | 19. SIGNATURE OF ISSUING OFFICIAL ▶ **DON C. GOGUE** | 20. TITLE OF ISSUING OFFICIAL **License Officer** |
| 21. I CERTIFY THAT THE ABOVE NAMED PERSONS WERE MARRIED ON *(Month, Day, Year)* **January 13, 1998** | 22. WHERE MARRIED—CITY, TOWN, OR LOCATION **Agana** | 22a. TYPE OF CEREMONY **Civil** |
| 23a. SIGNATURE OF PERSON PERFORMING CEREMONY ▶ | 23a. NAME *(Type/Print)* **Antonio R. Unpingco** | 23a. TITLE **Speaker** |
| 23a. ADDRESS OF PERSON PERFORMING CEREMONY *(Street and Number or Rural Route Number, City or Town, State, Zip Code)* **155 Hesler Street Agana, Guam 96910** | | |
| 24a. SIGNATURE OF WITNESS TO CEREMONY ▶ **Calvin Lai** | 24a. SIGNATURE OF WITNESS TO CEREMONY ▶ **Patrick R. Aviong** | |
| 25. SIGNATURE OF REGISTRAR ▶ *Carolyn R. Garrido* **CAROLYN R. GARRIDO** | 26. DATE FILED BY LOCAL OFFICIAL *(Month, Day, Year)* **JAN 15 1998** | |

*(left margin, vertical)* DEPARTMENT OF PUBLIC HEALTH & SOCIAL SERVICES   OFFICE OF VITAL STATISTICS

GROOM

BRIDE

SIGNATURES

LICENSE TO MARRY

CEREMONY

LOCAL OFFICIAL

---

"OFFICIAL CERTIFICATION"

CERTIFIED to be true and correct copy of the original
record of MARRIAGE in the OFFICE of VITAL STATISTICS,
P.O. Box 2816, Agana, Guam 96932

*Carolyn R. Garrido*
CAROLYN R. GARRIDO
Territorial Registrar

EXHIBIT _____

SEAL
Date Issued: _____   **JAN 15 1998**



# 24th GUAM LEGISLATURE

## CERTIFICATE OF MARRIAGE

In accordance with Section 3204 of Title 19 Guam Code Annotated and pursuant to Marriage License No. __24B-082__ issued by the Government of Guam:

I, ANTONIO R. UNPINGCO, Speaker of the Twenty-Fourth Guam Legislature, HEREBY CERTIFY that on __January 13__, 19 __98__, at __Agana__, Guam, have joined in marriage,

__Rui Liang__ and __Liang Mui Herring__

in the presence of __Calvin Lai__ , residing at __Harmon__

and __Patrick R. Wang__ , residing at __Tamuning__

ANTONIO R. UNPINGCO
SPEAKER

EXHIBIT "Z"

Type or print the following information. *(Read instructions on reverse.)*     File No: _____

1. **Name:**      *(First)*          *(Middle)*          *(Last)*
                   LIAO              DA                  NIAN

2. **Present address:**
   c/o Bruce L. Jorgensen, Esq., P.O. Box 5682 CHRB, Saipan MP 96950

3. **Date of birth:** *(month/day/year)*  **Place of birth** *(city or town)*  *(Province)*  *(Country)*  **Present nationality:**
   N/A                                                                          PRC          PRC

4. **Country from which I fled or was displaced:**      **On or about** *(month/day/year):*
   Peoples' Republic of China                           December 1996

5. **Reasons** *(State in detail):*

       If returned to Peoples' Republic of China ("PRC"), applicant
   faces the threat and fear, to himself and his family, of being
   threatened and harmed by PRC Government officials, or persons acting
   in concert with or under the protection of PRC Government officials,
   due to applicant's inability to meet financial obligations and
   applicant's family size (applicant has more than one child).

6. **My present immigration status in**      Saipan, CNMI           **is:**   Immigration Detention
                                          *(country in which residing)*

   **Evidence of my immigration status is:**
       CNMI Superior Court, Civil Action No. 97-1093A Docket Records
   *(Describe)*
       Records relating to my over-stay as a CNMI non-resident employee

7. **Name of spouse:**          8. **Present address of spouse** *(if different)*      9. **Nationality of spouse:**
   Chen, Li Mei                    PRC                                                    PRC

10. **My spouse** ☐ will ☐ will not   accompany me to the United States.

| 11. Name of child (ren) | Date of birth | Place of birth | Present address (if different) |
|---|---|---|---|
| Liao, Quan Sheng | 13 Yrs. | PRC | |
| Liao, Kang Sheng | 11 Yrs. | PRC | |
| | | | |
| | | | |
| | | | |

Place a mark (x) in front of name of each child who will accompany you to the United States.

12. **Schooling or education**

| Name and location of school | Type | Dates attended | Title of degree or diploma |
|---|---|---|---|
| High School | | Completed 1993 | |
| | | | |
| | | | |
| | | | , |

13. **Military service**      None

| Country | Branch and organization | Dates | Serial No. | Rank attained |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

Form I-590 (Rev. 11-13-91)Y



EXHIBIT "I-C"

14. Political, professional or social organizations (which I am now or have been a member or with which I am now or have been affiliated since my 16th birthday (If you have never been a member of any organization, state "None".)

None

15. I ☒ have ☐ have not been charged with a violation of law. (If you have ever been charged with a violation of law, give date, place and nature of such charge and the final result.)    I have been charged with CNMI Immigration
    Law because I am afraid of being deported to PRC.
    violation

16. I ☐ have ☒ have not been in the United States. (If you have ever been in the United States, show the dates of entry and departure and the purpose of your entry (visitor, permanent resident, student, seaman, etc.).

————— File or Alien Registration Number: —————

17. I have the following close relatives in the United States:    None

| Name | Relationship | Present address |
|------|-------------|-----------------|
|      |             |                 |

18. I am being sponsored by (Name and address of United States sponsor):

My friend is Xia Fu-Gang; telephone(670) 233-0691

Date: 8/19/99    Signature of registrant: *Liao Da nian*

## DO NOT WRITE BELOW THIS LINE

I, _____, do swear (affirm) that I know the contents of this registration subscribed by me including the attached documents, that the same are true to the best of my knowledge, and that corrections numbered ( ) to ( ) were made by me or at my request, and that this registration was signed by me with my full, true name:

(Complete and true signature of registrant)

Subscribed and sworn to before me by the above-named registrant on _____ , 19___                    (month/day/year)

(Signature and title of officer)

| INTERVIEW | APPROVED | |
|-----------|----------|--|
| DATE | DATE | |
| AT | | |
| _____ | _____ | |
| Immigration Officer | Officer in Charge | |

## INSTRUCTIONS

This form should be executed, signed and submitted to the Officer in Charge of the nearest overseas office of the United States Immigration and Naturalization Service. When your name has been reached as a registrant you will be furnished additional instructions.

Registration—A separate Registration Form must be executed by each registrant and submitted in one copy. A Registration Form in behalf of a child under 14 years of age shall be executed by the parent or guardian.

Public reporting burden for this collection of information is estimated to average 35 minutes per response. If you have comments regarding the accuracy of this estimate or suggestions for simplifying this form, you can write to both the U.S. Department of Justice, Immigration and Naturalization Service Policy Directives and Instructions Branch (HQPDID), Washington, D.C. 20536 and to the Office of Management and Budget, Paperwork Reduction Project: OMB No. 1115-0037, Washington, D.C. 20503.

# Bruce Lee Jorgensen

Attorney At Law*
MSV II Building, 2d Floor
Garapan Village
Saipan, MP 96950
(670) 233-5261 (tel)
(670) 233-5260 (fax)

*Admitted in all Hawaii State And Federal Courts; Ninth Circuit Court of Appeals; District Court of
the N. Mariana Islands; Republic Of Palau; High Court of the Trust Territory of the Pacific Islands

August 9, 1999 (CNMI)/August 8, 1999 (U.S. Mainland)

Original via hand-delivery; copy via fax (670) 234-9159/233-7833

Oscar Martinez
U.S. Department of Justice
Immigration and Naturalization Office
Horiguchi Building, Third Floor
Garapan Village
Saipan, MP  96950

    Re:  U.S. Refugee Applicants/INS Form I-590 Processing

Dear Mr. Martinez:

    During the past several weeks, several hundred Peoples'
Republic of China ("PRC") citizens now residing in the Commonwealth
of the Northern Mariana Islands ("CNMI"), have communicated to me
their intent to seek refugee status under United States ("U.S.")
laws and United Nations ("U.N.") human rights obligations made
applicable within the U.S. and the CNMI.

    Many of those CNMI-situated PRC citizens have now been
provided INS Form I-590 refugee applications.  They include a
Christian priest, a former Beijing news reporter, many women with
multiple children, and various political dissidents including Li
Falun Gong movement and China Democracy Party members.  For some,
the I-590 applications will be completed this week.

    Given the above-described circumstances, I am writing to
request that you notify me whether I-590 applications submitted on
behalf of PRC applicants will be accepted by your office, should be
transmitted to another INS office for processing, or will be wholly
rejected by INS officials.

    In the event that the applicants are not accepted for
processing by INS officials, copies will also be forwarded to U.N.
officials for processing.  Communications by and between P. Roy
Catalani (a Hawaii-based immigration law specialist), U.N.
attorneys, and me, are expected to continue this week.  Please let
me know whether you or other INS officials might be interested in
participating in those discussions.



EXHIBIT "2"

Oscar Martinez
August 9, 1999 (CNMI)
Page Two

The U.N. refugee application processing time has reportedly
been quite lengthy in past years.  One consequence of that delay
has been the perception that CNMI-based U.N. applicants could not
be deported from the CNMI or travel to the U.S. while applications
were pending, but were required to remain for years in the CNMI.

I would also appreciate any information you, INS officials,
and others, are willing to provide with respect to the so-called
"Tinian boat people".  FOIA requests for production of that
information are also in the process of being prepared.

One source represented to me that only 290 of the
approximately 500 "boat people" were repatriated to the PRC from
Tinian, and that the remainder were processed for refugee status by
Federal officials, and then transported to the Mainland U.S.

Another source represented that CNMI Immigration/DPS personnel
assigned to guard the "boat people" quarantine area were instructed
by senior CNMI Immigration officials, to prevent anyone, and
"especially lawyers", from entering the Tinian detention areas and
conferring with the "boat people".

A third source claimed to have been advised, while providing
services within a Tinian detention area, that Federal and CNMI
officials there made clear their intent to keep quiet both the fact
that many of the "boat people" detainees were being processed for
refugee consideration with transit to the U.S., and the prospect
that such an option might be available to all of the 12,000 or so
PRC citizens now residing in the CNMI (even those here illegally).

Equally confusing is the position taken with respect to this
situation by the Saipan Garment Manufacturers' Association ("SGMA")
and/or recently attributed to SGMA Spokesperson Richard A. Pierce.
During an August 7, 1999 youth basketball game, CNMI attorney James
E. Hollman was approached by Pierce who, Hollman later explained:
(i) scathingly criticized the efforts being made by Catalani, me,
and others, to assist prospective PRC refugees; and, (ii) expressed
the view that my efforts amounted to "a deathwish".

When I later telephoned Pierce to confirm the "deathwish"
view, he would not confirm or deny having expressed that view, and
said "Don't bother me".  When personally asked about the
"deathwish" view during a chance encounter today, Pierce glared at
me, refused to respond, and stalked out of the restaurant.

I remain uncertain whether Pierce's "deathwish" view
constitutes his personal opinion, an SGMA position, or an implicit
threat against me.  If a threat, perhaps your office might be
inclined to have Federal Bureau of Investigation officials consult

Oscar Martinez
August 9, 1999 (CNMI
Page Three

with Pierce.  Or, if the "deathwish" view is an official SGMA
position being relayed by Pierce, perhaps some question should be
raised concerning SGMA's commitment to ensuring that its PRC
employees are afforded full and equal human rights protection in
the CNMI.

Pierce's view, in any event, certainly seems a departure from
his previously-portrayed "businesses for social responsibility"
attitude.

As for seeking assistance or protection from within the CNMI,
it occurs to many that the present CNMI Immigration leadership
apparently acts at the whim of SGMA officials:  imposing the July
27, 1999 ban on all PRC immigration to the CNMI; lifting the ban,
nine days later, to permit CNMI entry for only those PRC citizens
hired by Pierce's SGMA affiliates; and, in the process, claiming to
have a firm grasp of a problem repeated 12,000 times by CNMI
Immigration leadership, i.e., the entry of 12,000 prospective PRC
refugee applicants into the CNMI during the past few years.

PRC citizens working in the CNMI are, after all, entitled to
the same human rights as the rest of us.  And, interestingly, it
has been the local community which has recognized and supported
those rights, and our efforts to protect those rights:  as opposed,
that is, to the PRC employers, SGMA affiliates, and (reportedly)
the current CNMI Immigration leadership, apparently incensed at the
public mention or the prospect of those rights being exercised by
PRC citizens in the CNMI.

Please contact me at your convenience if you have any
questions or comments pertaining to any of the matters addressed in
this letter, or any related matter.

Respectfully yours,

Bruce L. Jorgensen

P. Roy Catalani, Esq.
James E. Hollman, Esq.
Andrew Painter, Esq., UNHCR
Richard A. Pierce
Regina Germain, Esq., Senior Legal Counsel, UNHCR
Ron Whitney, Esq., INS General Counsel's Office



# Bruce Lee Jorgensen

Attorney At Law*
MSV II Building, 2d Floor
Garapan Village
Saipan, MP 96950
(670) 233-5261 (tel)
(670) 233-5260 (fax)

*Admitted in all Hawaii State And Federal Courts; Ninth Circuit Court of Appeals; District Court of
the N. Mariana Islands; Republic Of Palau; High Court of the Trust Territory of the Pacific Islands

August 10, 1999 (CNMI)/August 9, 1999 (U.S. Mainland)

Original via hand-delivery; copy via fax (670) 234-9159/233-7833

Oscar Martinez
U.S. Department of Justice
Immigration and Naturalization Office
Horiguchi Building, Third Floor
Garapan Village
Saipan, MP 96950

Re:  U.S. Refugee Applicants/INS Form I-590 Processing

Dear Mr. Martinez:

Thank you for advising me, during our telephone conversation
this morning, that:

(i) your office will not accept any INS-distributed
I-590 forms completed, for submission and processing, by any of the
12,000 or so CNMI-situated Peoples' Republic of China ("PRC")
citizens;

(ii) no other INS office will accept any INS-distributed
I-590 forms completed, for submission and processing, by any of the
12,000 or so CNMI-situated PRC citizens;

(iii) you will not disclose to me whether the PRC
citizens recently detained on Tinian were interviewed by Federal
officials relating to the PRC citizens' requests/applications for
refugee/asylum status; and,

(iv) you will not disclose to me any information relating
to any details involving the PRC citizens recently detained on
Tinian, the Federal Government's involvement with those citizens'
requests/applications for refugee/asylum status, or any other
matter such as the number of those PRC citizens transported to the
U.S. Mainland.

EXHIBIT "3"

Oscar Martinez
August 10, 1999 (CNMI)
Page Two

    The information requested in sub-paragraphs (iii)-(iv) shall
be requested by me via FOIA submission to the INS.  Please advise
me where within the INS, and to whom, the FOIA request must be
submitted.

    Thank you again for taking the time to briefly converse with
me this morning.

                            Respectfully yours,

                            Bruce L. Jorgensen

P. Roy Catalani, Esq.
Andrew Painter, Esq., UNHCR
Regina Germain, Esq., Senior Legal Counsel, UNHCR
Ron Whitney, Esq., INS General Counsel's Office
David Wood, Esq., U.S. Attorney, Saipan

COPY

Faxed
8/12/99
to both;
orig & copy
would -dei's thru
8/12 to AG's thru

**Bruce Lee Jorgensen**
Attorney At Law*
MSV II Building, 2d Floor
Garapan Village
Saipan, MP 96950
(670) 233-5261 (tel)
(670) 233-5260 (fax)

RECEIVED
Office of the Attorney General
Civil Division
Date: AUG 12 1999
...e: 3:45p
...ec'd by:

*Admitted in all Hawaii State And Federal Courts; Ninth Circuit Court of Appeals; District Court of
the N. Mariana Islands; Republic Of Palau; High Court of the Trust Territory of the Pacific Islands

August 12, 1999 (CNMI)/August 11, 1999 (U.S. Mainland)

**Copy via facsimile; original via hand-delivery**

Maya Kara, Esq.
Acting Attorney General
Office of the Attorney General
Saipan, MP 96950

Mark Zachares, Esq.
Secretary
Dept. of Labor & Immigration
Saipan, MP 96950

Re: <u>Open Government Act Request, 1 CMC Div. 9</u>

Dear Ms. Kara and Mr. Zachares:

Based on recent communications with United Nations personnel, it is my understanding that the United States ("US") considers the Commonwealth of the Northern Mariana Islands ("CNMI") to be bound by the US accession to the 1967 Protocol to the 1951 Convention Relating to the Status of Refugees ("1951 Convention"). The US Government, therefore, bears the responsibility for ensuring that refugees seeking refugee/asylum status within the CNMI not be subject to <u>refoulement</u> to their countries of origin in violation of Article 33 of the 1951 Convention.

The US, through its CNMI-based INS employee Oscar Martinez, has recently taken the position that neither the CNMI-situated INS office, nor any other office, will accept for processing any INS-published I-590 forms completed by CNMI-situated Peoples' Republic of China ("PRC") citizens.

Given the situation described in the preceding paragraph, I am writing to request that the CNMI Office of the Attorney General ("OAG") and the CNMI Department of Labor and Immigration ("DOLI") make available to me for inspection within ten (10) days, and pursuant to 1 CMC §9917, the following public records:

(1) OAG's current policy, rules, and procedures for accepting and processing refugee applications, and the date(s) on which they were enacted;

(2) OAG's current policy, rules, and procedures for accepting and processing asylum applications, and the date(s) on which they were enacted;

EXHIBIT "4"

Maya Kara, Esq.
Mark Zachares, Esq.
August 12, 1999 (CNMI)
Page Two

(3) DOLI's current policy, rules, and procedures for accepting and processing refugee applications, and the date(s) on which they were enacted;

(4) DOLI's current policy, rules, and procedures for accepting and processing asylum applications, and the date(s) on which they were enacted;

(5) any current CNMI policy, rules, and procedures for accepting and processing refugee applications, not described in the preceding sub-paragraphs, and the date(s) on which they were enacted;

(6) any current CNMI policy, rules, and procedures for accepting and processing asylum applications, not described in the preceding sub-paragraphs, and the date(s) on which they were enacted;

(7) any current CNMI, DOLI, and OAG policy and procedures, for accepting and processing refugee applications, which have been modified within the past six (6) months, and the date(s) of modification;

(8) any current CNMI, DOLI, and OAG policy and procedures, for accepting and processing asylum applications, which have been modified within the past six (6) months, and the date(s) of modification;

(9) the name, address, and contact telephone number of each person employed by the US who participated within the past six (6) months in accepting and processing refugee applications on Tinian;

(10) the name, address, and contact telephone number of each person employed by the US who participated within the past six (6) months in accepting and processing refugee applications on Tinian;

(11) all written memoranda, facsimile transmissions, correspondence, and e-mail transmissions generated by and between DOLI, OAG, INS, US Department of Justice, and/or US Department of State officials, generated within the past three (3) months, which pertain to the accepting and processing of refugee applications on Tinian;

Maya Kara, Esq.
Mark Zachares, Esq.
August 12, 1999 (CNMI)
Page Three

(12) all written memoranda, facsimile transmissions, correspondence, and e-mail transmissions generated by and between DOLI, OAG, INS, US Department of Justice, and/or US Department of State officials, generated within the past three (3) months, which pertain to the accepting and processing of asylum applications on Tinian;

(13) all written memoranda, facsimile transmissions, correspondence, and e-mail transmissions generated by and between DOLI, OAG, INS, US Department of Justice, and/or US Department of State officials, generated within the past three (3) months, which pertain to the accepting and processing of refugee applications prepared within the CNMI;

(14) all written memoranda, facsimile transmissions, correspondence, and e-mail transmissions generated by and between DOLI, OAG, INS, US Department of Justice, and/or US Department of State officials, generated within the past three (3) months, which pertain to the accepting and processing of asylum applications prepared within the CNMI;

(15) all written memoranda, facsimile transmissions, correspondence, and e-mail transmissions generated by and between DOLI, OAG, INS, US Department of Justice, and/or US Department of State officials, generated within the past three (3) months, which pertain to the refugee application hearings within the CNMI;

(16) all written memoranda, facsimile transmissions, correspondence, and e-mail transmissions generated by and between DOLI, OAG, INS, US Department of Justice, and/or US Department of State officials, generated within the past three (3) months, which pertain to the asylum application hearings within the CNMI;

(17) all written memoranda, facsimile transmissions, correspondence, and e-mail transmissions generated by and between OAG, DOLI, and/or DPS relating to limiting persons not detained in the Tinian refugee detention center from meeting, communicating with, and/or conversing with, PRC citizens detained within the Tinian refugee center.

Maya Kara, Esq.
Mark Zachares, Esq.
August 12, 1999 (CNMI)
Page Four


In the event that OAG or DOLI intends to deny my requests to inspect any of the public records to which access has been requested in this letter, please specify and explain the grounds upon which the denial is premised, as required by 1 CMC §9918(d).

Thank you for your anticipated assistance.

Sincerely,

Bruce L. Jorgensen


cc:    P. Roy Catalani, Esq.,
       Catalani & Nakanishi
       1212 Davies Pacific Center
       841 Bishop Street
       Honolulu, HI  96813
       Fax:  (808) 536-3532

       Mr. Oscar Martinez
       U.S. Department of Justice
       Immigration and Naturalization Service
       Horiguchi Building, 3d Floor
       Saipan, MP  96950
       Fax:  (670) 234-7833

       Andrew Painter, Esq.
       United Nations High Commissioner
            For Refugees
       Regional Office for the United States
            of America & the Caribbean
       1775 K Street NW
       Suite 300
       Washington, D.C.  20006
       Fax:  (202) 296-5660



Commonwealth of the Northern Mariana Islands
# Office of the Attorney General
2nd Floor-Administration Building Capitol Hill
Caller Box 10007, Saipan, MP 96950



**Attorney General/Civil Division**
Tel: (670) 664-2341
Fax: (670) 664-2349

August 20, 1999

**Criminal Division**
Tel: (670) 664-2366/2367/2368
Fax: (670) 234-7016

**BY FAX**

Bruce L. Jorgensen, Esq.
Second Floor, MSV II Building
Garapan, Saipan, MP  96950

                    Re:     Open Government Act Request

Dear Mr. Jorgensen:

       I write in response to your August 12, 1999 Open Government Act ("OGA")
request, listing 17 numbered paragraphs relating to various immigration-related
information ("Request").

       We note that the Request is very unclear.  Accordingly, we will attempt to respond
to the Request as written, to the extent we can discern the meaning of the Request.
Furthermore, the Request appears to seek very sensitive and highly confidential
intelligence and investigative information.  Naturally, such information cannot be
produced.  Nonetheless, we attempt to respond to the Request as follows:

       First, the Request is clearly objectionable on numerous substantive grounds,
including, but not limited to, vagueness, ambiguity, burdensomeness and overbreadth.

       Second, some or all of the requested information may not fit within the statutory
definition of a "public record."  See 1 CMC § 9902(f).

       Third, to the extent the Request seeks publicly available information, we refer you
to Title 3 Division 4 of the Commonwealth Code (as amended by P.L. 11-5, 11-6, 11-33,
11-51, 11-58 and 11-60), related rules and regulations published in the Commonwealth
Register, Executive Order 94-3 and immigration case law.  Such information is publicly
available in the Commonwealth Law Library, the District Court Law Library and the
Office of the Attorney General.

       Fourth, to the extent the Request seeks information in connection with any
pending criminal or civil cases, you should comply with the applicable rules of procedure.

EXHIBIT "5"

Bruce L. Jorgensen, Esq. 
August 20, 1999
Page 2

See Com. R. Crim. P. 16 and 17(c); Com. R. Civ. P. 26, 34 and 45; Fed. R. Crim. P. 16
and 17(c); Fed. R. Civ. P. 26, 34 and 45; 1 CMC § 9918(a)(8).

Fifth, the requested information appears to be exempt from disclosure pursuant to
the CNMI Constitution, the OGA and other applicable law concerning (inter alia)
privilege, confidentiality protections, individual privacy, internal agency deliberations,
investigative secrecy and law enforcement methods and sources. See CNMI CONST. Art.
1 § 10 and 1 CMC §§ 9902(f), 9903, 9917(a) and 9918(a)(4), (5), (7), (8) and (13). This
list is illustrative, not exhaustive.

In a good-faith effort to cooperate (without waiving the above objections), we
wish to advise you that the Office of the Attorney General exercises little or no authority
with respect to immigration matters. See Executive Order 94-3 § 301(c)(2) (June 24,
1994). Furthermore, we note that the United States exercises exclusive jurisdiction with
respect to foreign affairs and defense. See COVENANT § 104. Accordingly, you may wish
to direct appropriate inquiries to appropriate federal agencies. Thank you.

Sincerely,

Maya B. Kara
Acting Attorney General

cc:     Governor
        Secretary of Labor and Immigration
        Public Information and Protocol Officer
        Oscar Martinez (I.N.S.)