# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement"), dated as of August 1, 2003 (the "Execution Date"), is made among Xiu Ying Jiang, Wending Dong, Xingyou Dong, Juyel Ahmed, Uthayachandran R. Kandiah, Jayakumar A. Sevaratnam, Kanabasabai Selvalingnam, Janaka P.H. Nadungodage, Madpathage D. U. D. Senanayake, Yu Ren Huang, Li Tong Deng, Zhi Ping Hu, Yin Ping Guo, Xi Cheng Jin, Lan Ting Zhang, Qin Yin, Chun Fang Yue, Hui Ping Zhang, Mhing Zhuo Ling, Lin Zheng, Jian Shan Zheng, Rui Liang, Liao Da Nian, Mohammed Kamal Hossain, and Jane I. Roe (collectively, the "Plaintiffs"); Joseph A. Arriola ("Arriola"); and the Commonwealth of the Northern Mariana Islands (the "Commonwealth"), Joaquin Tenorio, Robert Torres, Robert Goldberg, and Mark Zachares (collectively, the "Commonwealth Defendants");

WHEREAS, the Plaintiffs have asserted claims against the United States, Colin Powell, and John Ashcroft (collectively, the "Federal Defendants") and the Commonwealth Defendants in the consolidated actions titled <u>Jiang Xiu Ying v. United States</u>, Civ. Action No. 02-0023, 00-0005, 99-0046 (D.N.M.I.) (the "Consolidated Action");

WHEREAS, the Commonwealth of the Northern Mariana Islands, by and through the Division of Immigration, Department of Labor and Immigration and Division of Youth Services (the "Plaintiff Commonwealth"), has asserted claims against Arriola and Real Parties in Interest Xiu Ying Jiang, Wending Dong, and Xingyou Dong (collectively, the "Real Parties in Interest") in the action titled <u>Commonwealth of the Northern Mariana Islands v. Arriola</u>, Civil Action 03-0017 (D.N.M.I.) ("Arriola Action");

GAL    BLJ    4DL    RCK

COMMONWEALTH'S EXHIBIT F

RECEIVED
Office of the Attorney Gen
Civil Division
Date: 08·06·03
Time: 840a

WHEREAS, the Plaintiff Commonwealth believes that it has similar claims against Arriola as it asserted in the Arriola Action with regard to the Affidavit of Support he signed on behalf of Chen Xiu Qin and Dong Shi Xin on December 21, 2001 (the "Potential Arriola Action");

WHEREAS, the parties have conducted investigations into the facts and the law underlying the various claims asserted in the Consolidated and Arriola Actions and that may have been asserted in the Potential Arriola Action and have concluded that a settlement of such claims according to the terms set forth below is in their respective best interests;

WHEREAS, based upon the representations of the Commonwealth Defendants and Plaintiffs' investigation referred to herein, Plaintiffs wish to settle the claims that they brought against the Commonwealth Defendants in the Consolidated Action;

WHEREAS, the Commonwealth Defendants without making any admission of liability believe it is in their best interests to resolve Plaintiffs' claims to avoid the time and expense of trial and appeal;

WHEREAS, based upon the representations of the Arriola and Real Parties in Interest and Plaintiff Commonwealth's investigation referred to herein, Plaintiff Commonwealth wishes to settle the claims that it brought against Arriola and the Real Parties in Interest in the Arriola Action and that it could have asserted against Arriola in the Potential Arriola Action;

WHEREAS, Arriola and the Real Parties in Interest without making any admission of liability believe it is in their best interests to resolve the Plaintiff Commonwealth's claims and potential claims to avoid the time and expense of trial;

GAL   BLJ   ODL   RCK

2

WHEREAS, the Commonwealth has been working to establish a mechanism by which *non-refoulement* protection that complies with the minimum protections outlined in (1) Article 33 of the 1951 Convention relating to the Status of Refugees, July 28, 1951, 189 U.N.T.S. 150. (Articles 2 through 34 of the Convention are incorporated by the Protocol Relating to the Status of Refugees, January 31, 1967, 19 U.S.T. 6223, 606 U.N.T.S. 267 (accession by United States on November 1, 1968)); and (2) Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, December 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85 (ratification by United States on November 20, 1994) will be offered in the Commonwealth (the "Program");

WHEREAS, the Senate of the Commonwealth has introduced legislation, attached as Exhibit "A" to this agreement, which the Commonwealth anticipates will become a law of the Commonwealth in the near future (the "Proposed Legislation);

WHEREAS, the Plaintiffs are entering into a settlement agreement resolving all of their claims against the Federal Defendants into which the Plaintiffs and Federal Defendants are entering contemporaneously with the execution of this Agreement.

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that:

1.      The Commonwealth on behalf of the Commonwealth Defendants shall pay Twenty-five Thousand Dollars ($25,000.00) to the Plaintiffs within twenty (20) calendar days of the Execution Date;

GAL     BLJ     IDL     RCK

2.    The payment shall be paid by delivering a check made payable to G. Law Office of G. Anthony Long Client Trust Account, Second Floor Lim's Building, San Jose Village, Saipan, MP, 96950;

3.    The Commonwealth agrees that it will not remove or institute deportation proceedings against any of the Plaintiffs in this action until a system to provide the *non-refoulement* protections of the Program is implemented in the Commonwealth. The Commonwealth further agrees that it will not remove any Plaintiff from the Commonwealth until that Plaintiff has been given an opportunity to have his or her *non-refoulement* claim decided under that system, as long as such removal is not inconsistent with this Agreement. If the Proposed Legislation is enacted in altered form or is enacted and later amended, the new, different, or amended law regarding *non-refoulement* protection will not apply to any Plaintiff facing removal to the extent the new, different, or amended law offers less protection than is anticipated now will be offered by the Program. In other words, each of the Plaintiffs will not be removed from the Commonwealth unless and until he or she receives at least the minimum *non-refoulement* protections outlined in (1) Article 33 of the 1951 Convention relating to the Status of Refugees, July 28, 1951, 189 U.N.T.S. 150. (Articles 2 through 34 of the Convention are incorporated by the Protocol Relating to the Status of Refugees, January 31, 1967, 19 U.S.T. 6223, 606 U.N.T.S. 267 (accession by United States on November 1, 1968)); and (2) Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, December 10, 1984,

GAL      BLJ      VDL      RCK

S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85 (ratification by United States on November 20, 1994).

4.    The Commonwealth, through its Department of Labor, shall issue each Plaintiff, if requested, a Memorandum/Temporary Work Authorization on the Effective Date. If necessary, the Plaintiffs shall be issued renewals of the Memorandum/Temporary Work Authorization (or their equivalent) under the rules and regulations in effect at the time of each renewal of such authorization between the Effective Date and the passage into law of the Proposed Legislation (or its equivalent).

5.    Upon the passage of the Proposed Legislation (or its equivalent), the Commonwealth, through its Office of the Attorney General, Division of Immigration, shall issue each Plaintiff, if requested, a Notice of Deferred Action. The Notice of Deferred Action shall prevent the deportation of the Plaintiff in whose name it is issued for two (2) years starting on the issuance date. This Section shall not prevent the Office of the Attorney General from deporting and removing any of the Plaintiffs from the Commonwealth based on 3 CMC § 4340(d) or (g), provided that such deportation or removal is not inconsistent with ¶ 7.

6.    Upon the passage of the Proposed Legislation (or its equivalent), the Commonwealth, through its Department of Labor, shall continue to issue each Plaintiff a Memorandum/Temporary Work Authorization, and renewals thereof, if requested, for two (2) years starting on the issuance date of the Notice of Deferred Action. In addition, the parties agree during that period

GAL          BLJ          DL          RCK

that (1) Plaintiffs who are currently employed will be allowed to continue employment and to transfer to another employer pursuant to the terms of the Nonresident Worker Act; and (2) Plaintiffs not currently employed or who become unemployed during the effective period of the Notice of Deferred Action will be entitled to submit an application for a one or two-year nonresident workers employment contract, and the Division of Labor will facilitate approval of all such legally-sufficient employment applications.

7. The Commonwealth agrees that, except as otherwise provided in the Agreement, it will not prosecute, civilly, criminally or administratively, any of the Plaintiffs for violations of the Commonwealth Entry and Deportation Act, 3 CMC 4301, et seq., or the Nonresident Worker Act, 3 CMC § 4411, et seq., that they may have committed prior to or during the time any of the three underlying actions of the Consolidated Action were pending. The Commonwealth further agrees that it will not prosecute anyone who employed one of the Plaintiffs for violations of the Commonwealth Entry and Deportation Act, 3 CMC 4301, et seq., or the Nonresident Worker Act, 3 CMC § 4411, et seq., related to the employment of such Plaintiff, which the employer may have committed prior to or during the time any of the three underlying actions of the Consolidated Action were pending, unless such Plaintiff requests in writing that the Commonwealth undertake such prosecution. Nothing in the paragraph shall preclude the Commonwealth from prosecuting or pursuing a claim against an individual Plaintiff or his or her employer for other violations of the laws of the Commonwealth as long as

GAL    BLJ    DL    RCK

6

such a prosecution or pursuit of a claim is consistent with the requirements of paragraph 9.

8.  The Commonwealth agrees that individuals requesting participation in the Program, once created, will be advised of their Sixth Amendment right to counsel before proceedings under the Program begin with respect to that individual. The Commonwealth further agrees, if such an individual requests counsel, that the individual will be permitted a short period of time to retain such counsel before proceedings begin. In addition, the Commonwealth agrees that individuals requesting participation in the program will not be removed for twenty (20) days after that individual exhausts all procedures available through the Program.

9.  Plaintiffs, Arriola, and Real Parties in Interest and their counsel and Commonwealth Plaintiff and Commonwealth Defendants and their counsel mutually agree that no party or their counsel or anyone acting on their behalf shall undertake any act of retaliation against any other party or their counsel for any action that party or counsel may have taken with respect to the Consolidated Action, Arriola Action, or Potential Arriola Action.

**Release and Dismissal of Action**

10.  Simultaneous with execution of this Agreement, the Commonwealth Defendants and the Plaintiffs shall sign and file with the United States District Court for the Northern Mariana Islands a stipulation dismissing the Consolidated Action with prejudice with each party bearing its own attorneys fees and costs. The dismissal shall be in the form set forth in Exhibit "B"

7

GAL    BLJ    DL    RCK

attached hereto. The dismissal shall not terminate or discontinue any requirement, duty, representation, covenant, or warranty contained in this Agreement.

11.    Simultaneous with execution of this Agreement, the parties to the Arriola Action shall sign and file with the United States District Court for the Northern Mariana Islands a stipulation dismissing the Arriola Action with prejudice with each party bearing its own attorneys fees and costs. The dismissal shall be in the form set forth in Exhibit "C" attached hereto. The dismissal shall not terminate or discontinue any requirement, duty, representation, covenant, or warranty contained in this Agreement.

12.    The Plaintiffs, and each of them, and each of their attorneys, in the Consolidated Action acknowledge and agree that they may have claims against the Commonwealth Defendants, either singularly, jointly or collectively, which are unknown at present. The Plaintiffs, and each of them, and each of their attorneys, nevertheless, warrant, covenant, and agree that, except as provided herein, this Agreement forever releases and discharges Commonwealth Defendants and any and all current and former officers, directors, agents, servants, employees (including, but not limited to Joaquin Tenorio, Robert Torres, Mark Zachares, and Robert Goldberg), attorneys, and representatives of any of the Commonwealth Defendants from any and all complaints, claims, obligations, demands, causes of action, suits or debts or appeals whatsoever, in law, equity, or an administrative proceeding, known and unknown, that they ever had, now have or may now have arising from or

GAL        BLJ        JDL        RCK

related in any way to the Consolidated Action and the conduct of the litigation thereunder.

13. The Commonwealth Defendants, and each of them, and each of their attorneys, in the Consolidated Action acknowledge and agree that they may have claims against the Plaintiffs, either singularly, jointly or collectively, which are unknown at present. The Commonwealth Defendants, and each of them, and each of their attorneys, nevertheless, warrant, covenant, and agree that, except as provided herein, this Agreement forever releases and discharges Plaintiffs and any and all current and former agents, servants, employees, attorneys, and representatives of the Plaintiffs from any and all complaints, claims, obligations, demands, causes of action, suits or debts or appeals whatsoever, in law, equity, or an administrative proceeding, known and unknown, that they ever had, now have or may now have arising from or related in any way to the Consolidated Action and the conduct of the litigation thereunder.

14. The Plaintiff Commonwealth and its attorneys, in the Arriola Action acknowledge and agree that they may have claims against Arriola and the Real Parties in Interest, either singularly, jointly or collectively, which are unknown at present. The Plaintiff Commonwealth, and each of them, and each of their attorneys, nevertheless, warrant, covenant, and agree that, except as provided herein, this Agreement forever releases and discharges Arriola and Real Parties in Interest and any and all current and former officers, directors, agents, servants, employees, attorneys, and representatives of

GAL    BLJ    JDL    RCK

9

Arriola and the Real Parties in Interest from any and all complaints, claims,

obligations, demands, causes of action, suits or debts or appeals whatsoever,

in law, equity, or an administrative proceeding, known and unknown, that

they ever had, now have or may now have arising from or related in any way

to the Arriola Action and the conduct of the litigation thereunder.

15.    The Arriola and the Real Parties in Interest, and each of them, and each of

their attorneys, in the Arriola Action acknowledge and agree that they may

have claims against Plaintiff Commonwealth, either singularly, jointly or

collectively, which are unknown at present. Arriola and Real Parties in

Interest, and each of them, and each of their attorneys, nevertheless, warrant,

covenant, and agree that, except as provided herein, this Agreement forever

releases and discharges Plaintiff Commonwealth and any and all current and

former officers, directors, agents, servants, employees, attorneys, and

representatives of the Plaintiff Commonwealth from any and all complaints,

claims, obligations, demands, causes of action, suits or debts or appeals

whatsoever, in law, equity, or an administrative proceeding, known and

unknown, that they ever had, now have or may now have arising from or

related in any way to the Arriola Action and the conduct of the litigation

thereunder.

16.    Plaintiff Commonwealth and its attorneys in connection with the Potential

Arriola Action acknowledge and agree that it may have claims against Arriola,

Chen Xiu, and Dong Shi Xin, either singularly, jointly or collectively, which

are unknown at present. The Plaintiff Commonwealth, and each of them, and

GAL            BLJ            CDL            RCK            10

each of their attorneys, nevertheless, warrant, covenant, and agree that, except as provided herein, this Agreement forever releases and discharges Arriola and any and all current and former officers, directors, agents, servants, employees, attorneys, and representatives of Arriola from any and all complaints, claims, obligations, demands, causes of action, suits or debts or appeals whatsoever, in law, equity, or an administrative proceeding, known and unknown, that they ever had, now have or may now have arising from or related in any way to the Potential Arriola Action.

17.     Arriola and his attorney, in the Potential Arriola Action acknowledge and agree that it may have claims against the Plaintiff Commonwealth, which are unknown at present. Arriola and his attorney, nevertheless, warrant, covenant, and agree that, except as provided herein, this Agreement forever releases and discharges Plaintiff Commonwealth and any and all current and former officers, directors, agents, servants, employees, attorneys, or representatives of Plaintiff Commonwealth from any and all complaints, claims, obligations, demands, causes of action, suits or debts or appeals whatsoever, in law, equity, or an administrative proceeding, known and unknown, that they ever had, now have or may now have arising from or related in any way to the Potential Arriola Action.

18.     The parties hereto understand and agree that this Agreement is not an admission of liability of any kind whatsoever by any party hereto and that this Agreement and is meant solely to avoid the time, cost and expense of continued litigation.

GAL          BLJ          JDL          RCK

### Contingency of Release

19.   The parties agree that the United States District Court for the Northern

   Marianas Islands will retain jurisdiction through the Consolidated Action for

   the purpose of enforcing the terms of the Agreement and any order, judgment,

   or decree to be entered in connection with any proceeding to enforce all or any

   portion of this Agreement. Further, the Court will retain jurisdiction to award

   fees and costs to the prevailing party in an action to enforce this Agreement.

### Representations and Warranties

20.   **G. Anthony Long** hereby represents and warrants that:

   a) He has the absolute and unrestricted right and capacity to enter into this
      Agreement on behalf of the Plaintiffs and Arriola;

   b) The Agreement constitutes the legal, valid, and binding obligation of the
      Plaintiffs enforceable against them in accordance with its terms; and

   c) Mr. Long understands that, in entering into this Agreement, the
      Commonwealth Defendants have relied on his representations as set forth
      herein.

21.   **Bruce Lee Jorgensen** hereby represents and warrants that:

   a) He has the absolute and unrestricted right and capacity to enter into this
      Agreement on behalf of the Plaintiffs and Real Parties in Interest;

   b) The Agreement constitutes the legal, valid, and binding obligation of the
      Plaintiffs and the Real Parties in Interest enforceable against them in
      accordance with its terms; and

GAL          BLJ          JDL          12
                                       RCK

c) Mr. Jorgensen understands that, in entering into this Agreement, the Commonwealth Defendants have relied on his representations as set forth herein.

22. **Assistant Attorney General James Livingstone** hereby represents and warrants that:

a) He has the absolute and unrestricted right and capacity to enter into this Agreement on behalf of the Commonwealth Defendants, except Robert Goldberg;

b) The Agreement constitutes the legal, valid, and binding obligation of the Commonwealth Defendants; and

c) Assistant Attorney General Livingstone understands that in entering into this Agreement, the Plaintiffs, Real Parties in Interest, and Arriola have relied on his representations as set forth herein.

23. **Rexford C. Kosack** hereby represents and warrants that:

a) He has the absolute and unrestricted right and capacity to enter into this Agreement on behalf of Robert Goldberg;

b) The Agreement constitutes the legal, valid, and binding obligation of Robert Goldberg, enforceable against him in accordance with its terms; and

c) Mr. Kosack understands that, in entering into this Agreement, the Plaintiffs have relied on his representations as set forth herein.

## Miscellaneous

24. <u>Mutual Drafting.</u> In entering into this Agreement, the Parties represent that the terms of this Agreement are the product of mutual drafting by the parties

13

GAL        BLJ        JDL        RCK

and that each party has had the opportunity to have this Agreement reviewed by an attorney of its own choice. The parties further agree that this Agreement shall not be construed in favor of or against either party based on one being deemed the drafter of this Agreement.

25.    Modification. This Agreement may not be modified or amended except by an agreement in writing signed by the parties. The parties may waive or modify any of the conditions contained herein or any of the obligations of another party hereunder, but any such waiver or modification shall be effective only if it is in writing and only against the parties to this Agreement that sign it.

26.    Headings. The descriptive headings of the sections and paragraphs contained in this Agreement are inserted for convenience only and shall not control or affect the meaning or construction of any of the provisions hereof.

27.    Entire Agreement. This Agreement, together with any documents identified or referred to herein, constitutes the entire agreement among the parties pertaining to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings of the parties in connection therewith.

28.    Multiple Originals. The parties may execute multiple copies of this Agreement. Each such executed original copy shall have the full force and effect of an original executed instrument.

29.    Governing Law. This Agreement shall be governed by the laws of the Commonwealth without regard to the choice of law provision thereof.

14

GAL          BLV          GDL          RCK

30.   Jurisdiction and Service of Process.  The parties agree to submit any disputes

arising out of or relating to this Agreement to the jurisdiction of the District

Court for the Northern Mariana Islands that such court shall be the sole and

exclusive forum for deciding such a dispute.  Any process or notice may be

served upon the parties or their respective counsel by registered or certified

mail to or by personal service upon their counsel at their last known address.

31.   Confidentiality.  The parties agree that the provisions of the Agreement shall

be kept confidential unless all the parties to the Agreement agree in writing to

a waiver of this paragraph or it is necessary to reveal the Agreement to the

District Court to resolve a dispute regarding its terms.

32.   Severability.  In the event that any of the provisions of this Agreement shall

for any reason be held to be invalid, illegal, or unenforceable, such invalidity,

illegality, or unenforceability shall not affect any other provision hereof, and

this Agreement shall be construed as if such invalid, illegal, or unenforceable

provision had never been contained herein.

33.   Further Assurances.  The parties agree to execute any and all documents and

to do and perform any and all acts and things reasonably necessary or proper

to effectuate the terms and provision of this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of
the date first indicated above.

Date: 8-04-03

_____
G. Anthony Long on behalf of the Plaintiffs and
Arriola

15

GAL       BLJ       JDL       RCK

Date: 8/1/03

Bruce Lee Jorgensen on behalf of the Plaintiffs and
Real Parties in Interest

Date: 8/1/03

James D. Livingstone, Assistant Attorney General
on behalf of the Commonwealth Defendants, except
Robert Goldberg

Date: 8/1/03

Rexford C. Kosack on behalf of Robert Goldberg

16

GAL          BLJ          JDL          RCK

## THIRTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE

**THIRD REGULAR SESSION, 2003**          **S. B. No. 13-135, SD1, HD1, SS1**

### A Bill For An Act

To amend 4 CMC § 4344(d) of the Commonwealth Entry and Deportation Act of 1983 to require the Office of the Attorney General to promulgate rules and regulations implementing certain applicable international treaties and conventions related to the status and treatment of persons fearing persecution and torture, cruel, inhumane or degrading treatment or punishment in their country of origin.

**BE IT ENACTED BY THE THIRTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE:**

Section 1. Findings. The Legislature finds that the "Commonwealth Entry and Deportation Act of 1983," set forth at 3 CMC § 4301 *et seq.*, must be amended to conform with certain applicable international conventions and treaties to which the United States of America is a party as required by Section 102 of Covenant to Establish a Commonwealth of the Northern Mariana Island in Political Union with the United States of America (Covenant). The Legislature reiterates, however, that pursuant to Section 503 of the Covenant, the Commonwealth retains exclusive jurisdiction regarding matters related to immigration and that provisions set forth in the United States Code related to immigration, asylum, or refugee status do not apply within the Commonwealth and may not be relied upon by any individual within the Commonwealth seeking relief pursuant to any such provision of the United States Code.

The Legislature further reiterates that pursuant to its exclusive jurisdiction over matters related to immigration that the public policy of the Commonwealth of the Northern Mariana Islands (Commonwealth), set forth in 3 CMC § 4301(b), is that "[n]o

alien may seek or obtain entry into the Commonwealth as a matter of right" and that "[e]ntry to the Commonwealth is a privilege extended to aliens only upon such terms and conditions as may be prescribed by law." The Legislature, therefore, adopts the amendments to the "Commonwealth Entry and Deportation Act of 1983," as set forth herein, solely for the limited purpose of authorizing the Office of the Attorney General to promulgate rules and regulations implementing the requisite provisions of applicable international conventions and treaties related to the status and treatment of persons fearing persecution, torture, cruel, inhumane or degrading treatment or punishment in their country of origin.

Section 2.  Amendment.  4 CMC § 4344(d) is hereby amended and shall read as follows:

"(d) The Attorney General may decline to designate as destination any country where in his opinion the excluded or deported person would be subject to persecution on account of race, religion or political persuasion shall not remove a person to a country if the Attorney General decides that it is more likely than not that the person's life or freedom would be threatened in that country on account of his or her race, religion, nationality, membership of a particular social group or political opinion, or that the person would be tortured if removed to the proposed country of origin, provided however, that such person whom the Attorney General seeks to remove shall have the burden of showing, in an administrative process that comports with rules and regulations promulgated by the Attorney General that implement the nonrefoulement obligations under Article 33 of the 1951 Convention relating to the Status of Refugees and Article 3 of the 1984 Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, that execution of a removal order would be inconsistent with such obligations.  The Attorney General may, consistent with the United States' international treaty obligations, remove a person, other than a person whom the Attorney General has determined to require protection under Article 3 of the

S. B. No. <u>13-135, SD1, HD1, SS1</u>

<u>Convention against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, in accordance with the regulations described above, if there are reasonable grounds for regarding that person as a danger to the security of the Commonwealth or the United States, or if that person, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community, or upon other exclusion or cessation grounds that the Attorney General may prescribe through regulations, so long as such grounds are consistent with applicable international treaty obligations relating to the protection and status of refugees or to persons fearing torture. The Administrative Procedures Act, as set forth at 1 CMC § 91.01 et seq., shall not apply to any procedure or action undertaken pursuant to this subsection or to rules and regulations promulgated thereunder, except with respect to the promulgation of such rules and regulations. A decision of the Attorney General under this subsection shall be final and unreviewable administratively or judicially.</u>"

Section 4.  <u>Severability</u>.  If any provision of this Act or the application of any such provision to any person or circumstance should be held invalid by a court of competent jurisdiction, the remainder of this Act or the application of its provisions to persons or circumstances other than those to which is it is held invalid shall not be affected thereby.

Section 5.  <u>Savings Clause</u>.  This Act and any repealer contained herein shall not be construed as affecting any existing right acquired under contract or acquired under statutes repealed or under any rule, regulation or order adopted under the statutes. Repealers contained in this Act shall not affect any proceeding instituted under or pursuant to prior law.  The enactment of this Act shall not have the effect of terminating, or in any way modifying, any liability, civil or criminal, which shall already be in existence at the date this Act becomes effective.

Section 6.  <u>Effective Date</u>.  This Act shall take effect upon its approval by the Governor or upon its becoming law without such approval.

Date:  <u>03/28/03</u>              Introduced By:              <u>/s/</u>

S. B. No. <u>13-135, SD1, HD1, SS1</u>

Senator Thomas P. Villagomez

1    James D. Livingstone

2    Justin J. Wolosz
     Assistant Attorney General
3    OFFICE OF THE ATTORNEY GENERAL

4    Civil Division – Capitol Hill
     2nd Floor Administration Bldg.
5    Caller Box 10007, Saipan, MP 96950
     Telephone: (670) 664-2341
6    Facsimile: (670) 664-2349

7

8    Attorneys for Defendant Commonwealth of the Northern Mariana Islands

9

10              IN THE UNITED STATES DISTRICT COURT FOR THE
11                    NORTHERN MARIANA ISLANDS

12   JIANG XIU YING, et al.,                    )
13                                              )   Civil Action No. 02-0023
                                                )
14   Plaintiffs,                                )
                                                )   **STIPULATION OF DISMISSAL**
15   v.                                         )
                                                )
16   UNITED STATES OF AMERICA, et al.,          )
                                                )
17   Defendants.                                )
18

19

20          COMES NOW, the parties in the above-entitled action, through their respective

21   counsels, and pursuant to Fed. R. Civ. P. 41(a)(1)(ii) hereby move and stipulate to dismiss,

22   with prejudice, all claims asserted against Defendants Commonwealth of the Northern
23

24

25

26

27

28

29
                                              -1-

1    Mariana Islands, Robert Torres, and Joaquin Tenorio.

2    **IT IS SO STIPULATED.**

3    DATED:  August 1, 2003

4

5

6

7    _____          _____
     Bruce Jorgensen                  James Livingstone
     Millers Estates, Apt. D-5        Assistant Attorney General
8    Saipan, MP 96950                 CNMI Office of the Attorney General
                                      Saipan, MP 96950
9

10   Counsel for Plaintiffs           Counsel for the Commonwealth Defendants

11

12

13

14   _____
     Anthony Long
     Law Office of G. Anthony Long
15   Second Floor, Lim's Building
     San Jose
16   Saipan, MP 96950

17
     Counsel for Plaintiffs
18

19

20   **IT IS SO ORDERED.**

21
     Dated:  August ___, 2003
22                                    _____
                                      Alex R. Munson
23

24

25

26

27

28

29

1   JAMES D. LIVINGSTONE

2   Office of the Attorney General
Commonwealth of the Northern Mariana Islands

3   Civil Division--Capitol Hill
Second Floor, Hon. Juan A. Sablan Memorial Bldg.

4   Saipan, MP 96950

5   Telephone: 670-664-2341
Fax: 670-664-2349

6

7   Attorney for the Plaintiff

8           IN THE UNITED STATES DISTRICT COURT FOR THE

9           DISTRICT OF THE NORTHERN MARIANA ISLANDS

10   COMMONWEALTH OF THE     )

11   NORTHERN MARIANA ISLANDS, by  )
and through the DIVISION OF    )   Civil Action No. 03-0017

12   IMMIGRATION, DEPARTMENT OF  )
LABOR AND IMMIGRATION and   )

13   DIVISION OF YOUTH SERVICES,   )

14                   )   STIPULATION OF DISMISSAL
           Plaintiff,    )

15        v.            )

16   JOSEPH ALDAN ARRIOLA,    )

17                   )

18          Defendant,    )

19   JIANG XIU YING, DONG WEN QING,  )
and DONG XING YOU,     )

20                   )

21       Real Parties in Interest.  )
                  )

22

23       COMES NOW, the parties in the above-entitled action, through their respective

24

25   counsels, and pursuant to Fed. R. Civ. P. 41(a)(1)(ii) hereby move and stipulate to dismiss,

26

27

28

29

-1-

1  with prejudice, all claims asserted against Defendants Joseph Aldan Arriola and Real

2  Parties in Interest Jiang Xiu Ying, Dong Wen Qing, and Dong Xing You.

3  **IT IS SO STIPULATED.**

4

5  DATED:  August 1, 2003

6

7  _____          _____

8  Bruce Jorgensen                   James Livingstone
   Millers Estates, Apt. D-5         Assistant Attorney General
9  Saipan, MP 96950                  CNMI Office of the Attorney General
                                     Saipan, MP 96950
10

11 Counsel for Real Parties in Interest    Counsel for the Plaintiff

12

13

14 _____

15 Anthony Long
   Law Office of G. Anthony Long
16 Second Floor, Lim's Building
   San Jose
17 Saipan, MP 96950

18 Counsel for Defendant Joseph A. Arriola

19

20

21 **IT IS SO ORDERED.**

22 Dated:  August ___, 2003          _____

23                                   Alex R. Munson

24

25

26

27

28

29

-2-