SUPERIOR COURT
FILED

2000 MAR 13 PM 4: 27

BY
DEPUTY CLERK OF COURT

IN THE SUPERIOR COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

JUYEL AHMED,                                    ) Special Proceeding No. 00-0101A
                                                )
        Applicant,                              )
                                                )
vs.                                             )
                                                )
MAJOR IGNACIO CELIS, Supervisor,                ) ERRATA
Department of Labor and Immigration             )
Detention Center, COMMONWEALTH                  )
OF THE NORTHERN MARIANA                         )
ISLANDS and CNMI DEPARTMENT                     )
OF LABOR AND IMMIGRATION,                       )
                                                )
        Respondents.                            )
_____)


        The court hereby amends its Order of March 8, 2000, granting the application for writ of

habeas corpus with conditions, to reflect that Bruce Berline and not Bruce Jorgensen appeared for

the Applicant in this proceeding.

So ORDERED this _13_ day of March, 2000.


                                                TIMOTHY H. BELLAS, Associate Judge

EXHIBIT "F-1"

Jan-08-2002  15:03    From-US DISTRICT COURT, NMI          +16702362910         T-133  P 001/009  F-297

FILED
Clerk
District Court

JAN 0 4 2002

For The Northern Mariana Islands
By_____
                    (Deputy Clerk)

1

2

3   Andrew Clayton
    Office of the Attorney General
4   Commonwealth of the Northern Mariana Islands
    Civil Division--Capitol Hill
5   Second Floor, Hon. Juan Atalig Sablan Memorial Bldg.
    Saipan, MP 96950
6   Telephone: (670) 664-2341
    Fax: (670) 664-2349

7   Attorney for Defendant, Commonwealth of the
    Northern Mariana Islands
8
                    UNITED STATES DISTRICT COURT
9               DISTRICT OF THE NORTHERN MARIANA ISLANDS

10  JUYEL AHMED, et al.,                    Civil Action No. 00-0005

11         Plaintiffs,                      DEFENDANT COMMONWEALTH'S
12  vs.                                     RESPONSE TO ORDER DIRECTING IT
                                            TO PROVIDE MATERIALS TO THE
13  ROBERT GOLDBERG, in his personal        COURT
14  capacity, UNITED STATES OF
    AMERICA, COMMONWEALTH OF THE
15  NORTHERN MARIANA ISLANDS, and
    DOES 1-25,
16
17         Defendants.

18  ─────────────────────────────

19  RUI LIANG, et al.,

20         Plaintiffs,

21  vs.

22  ROBERT GOLDBERG, in his personal
23  capacity, UNITED STATES OF
    AMERICA, COMMONWEALTH OF THE
24  NORTHERN MARIANA ISLANDS, and
    DOES 1-25,
25
26         Defendants.

27

28

ORIGINAL

150


Exhibit "G-1"

DEFENDANT, Commonwealth of the Northern Mariana Islands, hereby responds to the Court's Order Directing Defendant Commonwealth to Provide Materials to the Court issued on December 27, 2001.

Defendant wishes to inform the Court that the Court's Order of October 26, 2001 granted in part Defendant's Motion to Dismiss and held in abeyance the filing of a Fourth Amended Complaint. Defendant, Commonwealth of the Northern Mariana Islands, has no motion filed on its behalf or against it, currently pending before the Court. Defendant is aware that the only pending motion before the Court is Defendant, United States of America's, Motion to Dismiss. Defendant respectfully requests that if the information provided in this response necessitates some action by Defendant, Commonwealth of the Northern Mariana Islands, that it be allowed to addressed that question at a later date.

In compliance with the Court's Order, Defendant provides the following response to each order for provision of materials.

Defendant, Commonwealth of the Northern Mariana Islands, is not providing copies to other parties. The Court's December 27, 2001 Order states that Defendant Commonwealth should provide these documents to the Court and does not state that other parties should be given these documents. Defendant notes that no discovery has occurred in this matter to date. Defendant, therefore, has provided only the Court with these materials.

1. Any and all manuals, directives, or other documents setting forth the DOLI procedure and practice governing asylum requests.

2

Answer to Request # 1.

Please see May 15, 1998 letter from Doris Meissner, Commissioner, United States Department of Justice, Immigration and Naturalization Service to Pedro P. Tenorio, Governor of the Commonwealth of the Northern Mariana Islands, attached as Exhibit A.

Please see Declaration of Mark D. Zachares, Secretary of the Department of Labor and Immigration, Commonwealth of the Northern Mariana Islands.

Otherwise, none.

2.  Any and all published rules, regulations, or procedures relating to the administrative processing of asylum requests.

Answer to Request # 2.  Same as Answer to Request #1.

3.  Any and all published rules, regulations, or procedures governing asylum hearing and appeals taken therefrom.

Answer to Request # 3. Same as Answer to Request #1.

4.  Any and all published rules, regulations, or procedures relating to burdens of proof, preservation of the record of the proceeding, and standards of review used by DOLI in adjudication of asylum requests.

Answer to Request # 4. Same as Answer to Request #1.

3

5. Any and all published rules, regulations, or procedures governing appointment of counsel for indigent asylum seekers.

Answer to Request # 5. Same as Answer to Request #1.

6. Any and all published rules, regulations, or procedures outlining the provisions in place to insure sufficient independence between the adjudication officers and DOLI.

Answer to Request # 6  Same as Answer to Request #1.

7. Any and all published rules, regulations, or procedures regarding post-disposition notification of the United States Government, or referral of, asylum claims brought under the United Nations' Torture Convention or other asylum-related treaties to which the United States is a signatory and to which the Commonwealth of the Northern Mariana Islands must therefore adhere.

Answer to Request # 7. Same as Answer to Request #1.

Date:  1/4/02                          Respectfully Submitted,

                                       _____
                                       Andrew Clayton
                                       Attorney for Defendant, CNMI

4

Jan-08-2002  15:04    From-US DISTRICT COURT, NMI          +167023E2910        T-133   P 003/009  F-297

UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

1

| | |
|---|---|
| JUYEL AHMED, et al., | Civil Action No. 00-0005 |
| Plaintiffs, | DECLARATION OF MARK D. ZACHARES |
| vs. | |
| ROBERT GOLDBERG, in his personal capacity, UNITED STATES OF AMERICA, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, and DOES 1-25, | |
| Defendants. | |
| RUI LIANG, et al., | |
| Plaintiffs, | |
| vs. | |
| ROBERT GOLDBERG, in his personal capacity, UNITED STATES OF AMERICA, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, and DOES 1-25, | |
| Defendants. | |

I, Mark D. Zachares, hereby declare as follows:

1. That all matters of fact stated herein are based upon my personal knowledge and belief. The facts stated herein are true and I am competent to testify to the same and if called upon to testify, my testimony would be as stated herein.

5

ORIGINAL



EXHIBIT "H-1"

2.  I am the Secretary of the Department of Labor and Immigration for the Commonwealth of the Northern Mariana Islands.

3.  As Secretary of the Department of Labor and Immigration, I am the highest ranking Commonwealth government official who deals with the immigration matters on a day-to-day basis.

4.  I was confirmed as the Secretary of the Department of Labor and Immigration in May 1998, by the Senate Review Committee of the Commonwealth Legislature for Cabinet level appointments.

5.  During my tenure as the Secretary of the Department of Labor and Immigration, the Commonwealth of the Northern Mariana Islands has not promulgated any rules, regulations or written guidelines regarding how to evaluate asylum requests or how to process asylum applications.

6.  The Department of Labor and Immigration has not and was not required to promulgate any rules, regulations or written guidelines regarding asylum requests because asylum requests are the province of the United States Government.  This conclusion was drawn because of a letter from Doris Meissner, Commissioner, United States Department of Justice, Immigration and Naturalization Service to Pedro P. Tenorio, Governor of the Commonwealth of the Northern Mariana Islands which was dated May 15, 1998 (see Exhibit A).

7.  Commissioner Meissner's letter notes her serious concern for two deportees who had filed with the United Nations High Commissioner on Refugees ("UNHCR").  Ms. Meissner stated that the "deportation of these individuals and others similarly situated in the CNMI puts the United States at risk of violating international law."

8.  Commission Meissner stated that the necessity of the Commonwealth staying deportation

1  cases of any individual identified by the UNHCR or the United States Government until the refugee's

2  status had been resolved.  Finally, Ms. Meissner demanded "the CNMI must provide the UNHCR and

3  appropriate Department of Justice officials with access to these individuals in order to assess whether

4  their removal would be permitted under international law."

5      9.  Following receipt of this letter, the Commonwealth Department of Labor and Immigration

6  acceded to the demand to allow United States Department of Justice officials with access to any

7  individuals who had filed asylum claims with them in order to assess their asylum claims.

8

9      10. The Commonwealth followed the policy set forth in the May 15, 1998 letter regarding the

10  approximately 700 Chinese citizens who were interdicted by the United States Coast Guard in

11  international waters and then sent to Tinian in 1999.  These people were excludable under CNMI

12  immigration law (3 CMC § 4340(i)), but were allowed to stay in Tinian until the Department of

13  Justice concluded its assessment of their eligibility for asylum.  The Commonwealth Department of

14  Labor and Immigration did not conduct any interviews or make any assessments regarding asylum.

15

16

17      I, declare that the foregoing is true and correct and that this declaration was made on Saipan,

18  CNMI on this 4th day of January, 2002.

19

20

21  Mark D. Zachares

22

23

24

25

26

U.S. Departmen ̃ ̃Justice
Immigration an ̃__ ̃aturalization Service

T - 202 - 514 - 2895
F - 202 - 514 - 0455/8044

HQCOU 120/7.3C

Office of the Commissioner

425 Eye Street N.W.
Washington, D.C. 20536

MAY 15 1998

The Honorable Pedro P. Tenorio
Governor of the Commonwealth
of the Northern Mariana Islands
Saipan, MP 96950

Dear Governor Tenorio:

I am writing to you to express my serious concern regarding the recent deportation of two Sri Lankan nationals from the Commonwealth of Northern Mariana Islands (CNMI) to their home country of Sri Lanka. I have been informed by the United Nations High Commissioner on Refugees (UNHCR) that, prior to their deportation, these individuals had contacted the UNHCR, requesting that they be able to present claims for refugee protection. Because of their expressed fear of persecution in Sri Lanka, the UNHCR wished to gain access to these individuals prior to their deportation to assess their claims. Although CNMI officials were aware of UNHCR's efforts, the CNMI nevertheless removed these persons from the CNMI for deportation to Sri Lanka before the UNHCR was given an opportunity to assess their claims.

As you were informed by Allen Stayman, the Director of the Office of Insular Affairs at the Department of Interior, the United States, as a party and signatory to the 1967 Protocol Relating to the Status of Refugees, is generally prohibited from returning a refugee to a country where his or her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group or political opinion  This international treaty obligation extends to the territories and possessions of the United States, including the CNMI. The deportation of these individuals and others similarly situated in the CNMI puts the United States at risk of violating international law.

It is essential that the CNMI stay the deportation of any individual identified by the UNHCR or by the United States Government as a potential refugee until appropriate resolution of that individual's claim to refugee status. Moreover, the CNMI must provide the UNHCR and appropriate Department of Justice officials with access to these individuals in order to assess whether their removal would be permitted under international law.

EXHIBIT 1-1

Jan-08-2002  15:05    From-US DISTRICT COURT, NMI                +16702362910        T-133   P 003/009   F-297

The Honorable Pedro P. Tenorio
Page 2


      The Department of Justice is interested in working with you, the Office of Insular Affairs, the State Department, and the UNHCR, to develop a process for identifying potential refugees and assessing their claims prior to deportation.

                         Sincerely,

                         Doris Meissner
                         Commissioner

U.S. Department of Justice
Immigration and Naturalization Service

Registration for Classification as Refugee

**Type or print the following information.** *(Read instructions on reverse)*

A File No.: _____

Name

| (First) | (Middle) | (Last) |
|---|---|---|
| Zhen | Wen | Zhu |

Present address:

| Date of birth: *(month/day/year)* | Place of birth *(city or town)* | (Province) | (Country) | Present nationality: |
|---|---|---|---|---|
| 08/13/1958 | Fuzhou | Fujian | China | Chinese |

Country from which I fled or was displaced : China    On or about *(month/day/year)*:

Reasons *(State in detail)*

a laborer of Rota Island.

My present immigration status in ___no___ is:
(country in which residing)

Evidence of my immigration status is: no.                                      give me

(Describe) didn't have entry permit, reason is transferred company, boss didn't

| Name of spouse | 8. Present address of spouse *(if different)* | 9. Nationality of spouse: |
|---|---|---|
| Xu, Yen Zhen | Fuzhou City Fujian Province | Chinese |

My spouse ☐ will ☒ will not accompany me to the United States.

| Name of child(ren) | Date of birth | Place of birth | Present address *(if different)* |
|---|---|---|---|
| Zhu, Kai | 02/84 | Fuzhou City Fujian Province | Fuzhou City |

Place a mark (x) in front of name of each child who will accompany you to the United States.

Schooling or education    senior high school

| Name and location of school | Type | Dates attended | Title of degree or diploma |
|---|---|---|---|
| Shuijian elementary school | elementary school | 65-70 | graduate |
| Fifth school Fuzhou City | junior high school | 71-73 | '' |
| '' | senior high school | 73-76 | '' |

Military service

| Country | Branch and organization | Dates | Serial No. | Rank attained |
|---|---|---|---|---|
| China | No | No | No | No |

Form I-590 (Rev. 11-13-92)Y



Political, professional or social organizations of ~    I am now or have been a member of with which ~~~ ~~ ~~
birthday (If you have never been a member of any organization, state "None.")

_None_

□ have ☒ have not been charged with a violation of law. (If you have ever been charged with a violation of law, give date, place and nature of each charge and the final result.)

I □ have ☒ have not been in the United States. (If you have ever been in the United States, show the dates of entry and departure and the purpose of your entry (visitor, permanent resident, student, seaman, etc.).

File or Alien Registration Number: _____

I have the following close relatives in the United States:

| Name | Relationship | Present address |
|------|-------------|-----------------|
| _No_ | _No_ | _No._ |

I am or ng sponsored by (Name and address of United States sponsor):

Signature of registrant:    _Zhu Zhen Wen_

## DO NOT WRITE BELOW THIS LINE

I, _____, do swear (affirm) that I know the contents of this registration subscribed by me including the attached documents, that the same are true to the best of my knowledge, and that corrections numbered ( ) to ( ) were made by me or at my request, and that this registration was signed by me with my full, true name:

_____
(Complete and true signature of registrant)

Subscribed and sworn to before me by the above-named registrant at_____ on_____

(month/day/year)

_____
(Signature and title of officer)

| INTERVIEW | APPROVED | |
|-----------|----------|---|
| DATE | DATE | |
| AT | | |
| _____ Immigration Officer | _____ Officer in Charge | |

## INSTRUCTIONS

This form should be executed, signed and submitted to the Officer in Charge of the nearest overseas office of the United States Immigration and Naturalization Service. When your name has been reached as a registrant you will be furnished additional instructions.

Registration - A separate Registration Form must be executed by each registrant and submitted in one copy. A Registration Form in behalf of a child under 14 years of age shall be executed by the parent of guardian.

Public reporting burden for this collection of information is estimated to average 35 minutes per response. If you have comments regarding the accuracy of this estimate or suggestions for simplifying this form, you can write to both the U.S. Department of Justice, Immigration and Naturalization Service Policy Directives and Instructions Branch (HQPDIB), Washington, D.C. 20536 and to the Office of Management and Budget, Paperwork Reduction Project: OMB No. 1115-0057, Washington, D.C. 20503.

**The Law Offices of:**
**Joseph Aldan Arriola**
**Attorney at Law**
PMB 678 PPP, Box 10000
Saipan, MP 96950-8900
Phone:   (670) 233-5501/02
Fax:       (670) 233-5503



E-mail: jurists@usa.net

Edward C. Arriola - Of Counsel

---

January 23, 2002

*Certified Mail #*

Officer-In-Charge
U.S. Department of Justice
Immigration and naturalization Office
Horiguchi Building, Third Floor
Garapan Village
Saipan, MP 96950
via hand-delivery and
via certified mail/return receipt

*CM# 7001 2510 0006 7356 1826*

*Gave to Tony on 1/29/02 to hand Deliv. with our copy*
*Certified Mail #*

Donald Radcliffe, District Director
Mary Osaka, Esq., District Counsel
U.S. Department of Justice
Immigration and Naturalization Officer
595 Ala Mona Boulevard
Honolulu, HI 96313
via certified mail/return recipt

*7001 2510 0006 7356 1819*

District Director
U.S. Department of Justice
Immigration and Naturalization Services
American Embassy (Bangkok)
Box 12
APO AP 96546-0001
via international mail/return receipt

*Mailed out 1/29/02 rec'd by: ELIZABETH VILLANUEVA @ PASific Postal plus*

Office-in-Charge
U.S. Department of Justice
Immigration and Naturalization Services
American Embassy (Manila)
APO AP 96440
via international mail/return receipt

*Mailed out 1/29/02 rec'd by: ELIZABETH VILLANUEVA @*

Ramona V. Manglona, Esq.
Acting Attorney General
Commonwealth of the Northern Mariana Islands
Capitol Hill
Saipan, MP 96950
via facsimile: (670) 664-2349

*1/28/2002 - faxed done FAXED*



Officer-in-Charge
January 24, 2002 (CNMI)
Page Two

Re:    Zhu, Zhen Wen., v. Office of the Attorney General and Division of Immigration
Services., Civil Action No. 01-0126B,
U.S. District Court for the Northern Mariana Islands

INS Form I-590 Applicant:

1. Zhu, Zhen Wen

Applicants' Locale:    Commonwealth of the Northern
Mariana Islands

Dear All:

Enclosed, for processing by United States Immigration and Naturalization Service ("INS")
officials, is an INS Form I-590 applicant being submitted on behalf of Mr. Zhu, Zhen Wen.

This brings to one (1) the total number of Form I-590 applicant now being represented in
civil action nos. 01-0612B.

By transmittal of this letter, please be advised that the applicant also request, from the Federal
and CNMI governments, protection from refoulement and from danger (in his respective home
country) of being subjected to severe pain or suffering (physical/mental) being inflicted on them,
respectively, for such purposes as punishment for various acts he or third persons have committed,
or is suspected of having committed, or for reasons based on discrimination of any kind. This
request is made pursuant to the United Nations Convention Against Torture and Other Cruel,
Inhuman, or Degrading Treatment of Punishment, G.A.O.R. A/39/506 (1984) 23 I.L.M. 1027 (1984)
(modified in 24 I.L.M. 535 (1985)), s. Treaty Doc. No. 110-20, 100th Cong. 2d Sess. 7 (1988)
(reprinting Convention), Art. 1-3.

Please contact me at your earliest convenience if you have any questions or comments
pertaining to any of the matters addressed in this letter, or any related matter. Thank you for your
anticipated assistance.

Sincerely,

Joseph A. Arriola
Attorney At Law

Encl.    Completed Form I-590 application (Shu, Zhen Wen)





WEN - Zhu Zhen

FACIFIC POSTAL PLUS
234-8438 or 234-5825  Fax: 234-5545
Box 10000
Saipan, MP 96950-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IN THE SUPERIOR COURT**
**OF THE**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | | |
|---|---|---|
| OFFICE OF THE ATTORNEY GENERAL and DIVISION OF IMMIGRATION SERVICES, | ) ) ) | CIVIL ACTION NO. <u>01-0612B</u> |
| Petitioners, | ) ) | |
| vs. | ) ) | **ORDER** |
| ZHU, ZHEN WEN, | ) ) ) | |
| Respondent. | ) ) ) | |

This deportation hearing was set to be heard on Thursday, February 7, 2002 at 1:30 p.m. at the Commonwealth Superior Court. The Petitioners were represented by Assistant Attorney General Terence J. Denigan. The Respondent was present in Court represented by Joseph A. Arriola, Esq. Petitioners were prepared to proceed with deportation. Respondent's Counsel requested a continuance.

On November 29, 2001, Respondent's request for continuance was granted until January 24, 2002. On this new hearing date, counsel for the Respondent advised the Court that he had filed with the U.S Immigration and Naturalization Service a form I-590 "Request for Asylum" and served a copy on Counsel for the Petitioners. Counsel for both parties requested the Court, that in light of this development, the deportation hearing be stayed indefinitely until placed back on the Court's calendar by Counsel.

**FOR PUBLICATION**

Subsequently, The Petitioners requested that the matter be placed on calendar, and the C
granting the request, scheduled the matter for February 7, 2002. During the February 7th hearing Cou
for Respondent referred to Respondent's Application for Asylum and that the stay of the procee
should remain. The Court in denying the request for a continuance of the stay expressed it's concer
to the authority, if any, under which the Court can grant such a stay.

The Court stated that there has been nothing presented to the Court showing that the Uni
States Treaty, regarding Asylum is applicable to the CNMI. Even if it is applicable to the CNMI,
Court would require an additional showing by counsel that such applicability mandates this Court
halt or stay it's proceedings pending an Asylum determination.

The Court, therefore, removed said stay and allowed Respondent a one week continuance un
**February 14, 2002** at **1:30 p.m.** in **Courtroom 223A**, at which time the deportation hearing shall
heard.

**SO ORDERED** this ___/ /___ day of <u>February</u>, 2002.

DAVID A. WISEMAN, Associate Judge



# *Marianas Variety*

News & Views

**Micronesia's Leading Newspaper Since 1972**

Tuesday • February 5, 2002

# AG: Asylum treaty applies to NMI



*Robert T. Torres*

**By Ulysses Torres Sabuco**
*Variety News Staff*

ACTING Attorney General Robert T. Torres says the asylum treaty signed by the U.S. applies to the CNMI.

In a press conference yesterday, Torres said "the U.N. Convention on Refugees is an international treaty to which the United States is a signatory and is incorporated under Section 104 of the (islands') Covenant (with America)."

However, even if the asylum treaty applies here, an application for asylum does not guarantee that an applicant will be granted asylum, Torres said.

He said foreigners and non-resident workers should not be easily "lured" by certain individuals. An asylum application is entirely different from work authorization, Torres said.

"The Chinese community and (other) non-resident workers should be cautioned against un-scrupulous and opportunistic persons who will try to seize and take advantage of the lure of permanent residency," he said.

To process asylum applications, the CNMI and U.S. governments have to work together, Torres said.

To qualify for asylum, it should be established that an applicant has a well-founded fear of persecution on account of political opinion, status, race or gender, he said.

This issue surfaced after attorney Bruce Jorgensen disclosed the existence of a May 1998 letter from the U.S. Immigration and Naturalization Service, which stated that the international asylum treaty signed by the U.S. also applies to the commonwealth.

The CNMI currently hosts over 15,000 workers from China whose repressive government had compelled many of its citizens to seek asylum when they were abroad.

Continued on page 2

**Continued from page 1**

Between April to June 1999, over 500 illegal migrants form China were apprehended on separate occasions as they were trying to sneak into Guam. Of this number, some 400 were flown back to China in separate batches while over 100 were allowed to stay in the U.S. to seek asylum.

During this period, certain CNMI officials said aliens could not seek asylum here because "we're exempted from federal immigration law."

No one mentioned anything about the INS letter.

Jorgensen recently threatened to sue Department of Labor and Immigration officials for allegedly hiding the INS letter for the past four





Terence J. Denigan; Asst. Attorney General
OFFICE OF THE ATTORNEY GENERAL
Commonwealth of the Northern Mariana Islands
Civil Division -- Capitol Hill
Second Floor, Administration Building
Saipan, MP  96950
Telephone:  (670) 664-2000
Fax:          (670) 664-3175

Counsel for Petitioners

SUPERIOR COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| OFFICE OF THE ATTORNEY GENERAL and DIVISION OF IMMIGRATION SERVICES, | Civil Action No. 01-0612B |
| Petitioners, | **NOTICE TO REINSTATE DEPORTATION CASE AND PUT CASE BACK ON-CALENDAR** |
| v. | Judge: David A. Wiseman |
| ZHU, ZHEN WEN, | Court: Room 223 |
| Respondent. | |

Petitioners (the Commonwealth) respectfully ask this Court to put this deportation case back on-calendar forthwith.

This deportation hearing was last scheduled and heard on Thursday, January 24, 2002 at 1:30 PM at the Commonwealth Superior Court, Room 223. The Petitioners were represented by Assistant Attorney General Harold Pickering. The Respondent was present in Court represented by Mr. Joseph Arriola.



At this hearing, counsel for Respondent presented to Petitioner and the Court his application for asylum (INS Form I-590). Neither the Court nor Petitioner had any prior notice of Respondent's application or intention to submit such an application.

The Court and the parties agreed to take the case off-calendar until such time as it be re-calendared by counsel for disposition. The O.S.C. for deportation was taken off-calendar on January 24, 2002 by agreement amongst the parties, subject to being put "back on the Court's calendar by counsel." Respondent was reminded that he has no right to work pending the outcome of his deportation case.

The Commonwealth, after further review of Respondent's claim and the facts of his case, now respectfully ask this Court to put the case back on-calendar forthwith for disposition of the Superior Court deportation hearing.

The case hereby is scheduled for deportation hearing on Thursday, _____, 2002 at 1:30 PM, Room 223.

SO ORDERED.


Entered this ____1____ day of _Febuary_, 2002


Original Signed By:

David A. Wiseman
_____
Hon. Judge David A. Wiseman


2

*Recvd 3/7/02 SW*
*HD by Reyes*

Terence J. Denigan; Asst. Attorney General
OFFICE OF THE ATTORNEY GENERAL
Commonwealth of the Northern Mariana Islands
Civil Division -- Capitol Hill
Second Floor, Administration Building
Saipan, MP 96950
Telephone:  (670) 664-2000
Fax:        (670) 664-3175

Counsel for Petitioners

SUPERIOR COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| OFFICE OF THE ATTORNEY GENERAL and DIVISION OF IMMIGRATION SERVICES,<br><br>        Petitioners,<br><br>    v.<br><br>ZHU, ZHEN WEN,<br><br>        Respondent. | Civil Action No. 01-0612B<br><br>**BAIL EXONERATION ORDER** |

        Respondent was ordered deported by this Court on Thursday February 14, 2002 at

1:30 PM at the Commonwealth Superior Court Room 223.

        Respondent posted the $5,000 cash bail prior to this deportation hearing

        Petitioners ask that bail be exonerated to the payee of bail for Respondent

immediately, upon showing proof of payment made (copy of receipt), so that deportation

can be effected as soon as possible thereafter.

SO ORDERED.

Entered this _____ day of February 2002

_____

Hon. Judge David A. Wiseman

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| Juyel AHMED, et al., | ) | CIVIL ACTION NO. 00-0005 |
| | ) | |
| Plaintiffs, | ) | Garapan, Saipan |
| | ) | |
| vs. | ) | Thursday, April 18, 2002 |
| | ) | |
| MARK D. ZACHARES, in his | ) | |
| personal capacity, UNITED | ) | |
| STATES OF AMERICA, | ) | |
| COMMONWEALTH OF THE | ) | |
| NORTHERN MARIANA ISLANDS, | ) | **REPORTER'S PARTIAL TRANSCRIPT** |
| and DOES 1-25, | ) | **ON DEFENDANT CNMI'S MOTION TO** |
| | ) | **DISMISS FOURTH AMENDED COMPLAINT** |
| Defendants. | ) | |

**BEFORE THE HONORABLE ALEX R. MUNSON**
**CHIEF JUDGE, UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

F I L E D
Clerk
District Court

APR 16 2002

**APPEARANCES:**

    For Plaintiffs    :  Bruce L. Jorgensen, Esq.
For The Northern Mariana Islands
                          ℅ Unit D-5, Miller's Estates
(Deputy Clerk)
                          Capitol Hill
                          Saipan,MP 96950
                          ℅(670)233-5501/2 (Telephone)
                          ℅(670)233-5503 (Facsimile)
                          ℅ (680) 488-4686 (tel/fax)


    For Defendant CNMI:  Andrew Clayton and Karen Klaver
                          Assistant Attorneys General
                          CNMI Government
                          Civil Division - Capitol Hill
                          2nd Flr., Hon. Juan A. Sablan Memorial Bldg.
                          Saipan, MP 96950
                          Telephone: (670) 664-2341
                          Facsimile: (670) 664-2349

*SANAE N. SHMULL*
Official Court Reporter
P. O. BOX 5128 CHRB
SAIPAN, MP 96950-5128

203

2

For Defendant USA:    Gregory Baka
                      Assistant United States Attorney
                      MARIANAS DISTRICT
                      Horiguchi Building, Third Floor
                      P. O. Box 500377
                      Saipan, MP 96950
                      Telephone: (670) 236-?????
                      Facsimile: (670) 236-?????

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

SANAE N. SHMULL
Official Court Reporter
P. O. BOX 5128 CHRB
SAIPAN, MP 96950-5128

3

GARAPAN, SAIPAN, THURSDAY, APRIL 18, 2002 - 9:00 A.M.

-oOo-

MR. CLAYTON: Your Honor, I'll try to do it briefly since the court has obviously read all the papers.  The operative question, from reading the April 11, 2002 order from the court, is a question of whether a government entity should be treated the same as an individual.  In the court's order on page 6 in the footnote, it says: "The court believes that its assessment of bad faith, prejudice, and undue delay may properly be different in the context of a single individual defendant than it might be, for example, in the case of a corporation, group, or governmental entity.  The Commonwealth is a governmental entity, so it seems that the court has stated that it may be a different analysis.

The CNMI is before you today hoping that you will rule that it should be dealt with the same as an individual.  And I'd like to explain why.  The prejudice which has occurred to the individual defendant, which the court sets forth on page 6 and 7 of the April 11th order, we believe it's the same for the Commonwealth.  The Commonwealth has, we believe, been harassed and embarrassed by all this case, and we'd like to move forward on this case.  But as long as this case continues in its current posture, that's impossible.

4

THE COURT: Well, I would agree with you that the Commonwealth has been embarrassed by this case. The United States or the Commonwealth has a duty to either promulgate some rules that are consistent with the international treaties that the United States is a signatory of. And both of them can't sit on the side lines pointing the fingers at each other. So, yes, the Commonwealth has been embarrassed by this case. But I don't think it's because of the procedural posture of this case.

MR. CLAYTON: Well, respectfully, Your Honor, we would differ. We believe that there has been prejudice to the Commonwealth.

THE COURT: I didn't say that there wasn't prejudice. I said that they've been embarrassed by it. I used your words.

MR. CLAYTON: Well, Your Honor, it appears that as long as this case continues in its current posture with amended, with a Fourth Amended Complaint and potentially a Fifth Amended Complaint, and who knows, maybe a sixth, I don't know, we're never going to move and figure, forward in this matter and figure out who's responsible, whether it be the CNMI or the United States. And that, as it currently stands, this case is --

THE COURT: Well, but, but to grant your motion to dismiss it, we never would find out, would we?

MR. CLAYTON: I would respectfully disagree, Your Honor, as

```
COMMONWEALTH OF THE        )
NORTHERN MARIANA ISLANDS   )    ss.
SAIPAN, MP                 )
_____)
```

I, SANAE N. SHMULL, an Official Court Reporter for the United States District Court for the Northern Mariana Islands, do hereby certify:

That the foregoing partial transcript of Defendant CNMI's Motion to Dismiss Fourth Amendment Complaint, Civil Action No. 00-0005, *Juyel Ahmed, et al. v. CNMI, et al.*, was heard Thursday, April 18, 2002.

That the following proceeding, consisting of 5 pages, was taken down stenographically with a back up tape recording device at the time and place indicated herein.

That the foregoing transcript is a true and correct record of the proceeding, transcribed by me, the undersigned, to the best of my ability.

I further certify that I am not interested in the events of the action.

IN WITNESS WHEREOF, I have subscribed my name and signature this 26th day of April, 2002.

SANAE N. SHMULL
Official Court Reporter

# United States District Court

## District of the Northern Mariana Islands

COPY

Original Filed on this date

JUN 26 1997

of The Dist Clerk
Northern Court
Marianas Islands

UNITED STATES OF AMERICA
v.

AKM ALAMGIR KASEM

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:  1:96CR00037-001

V.K. Sawhney, Esq. (Court Appointed)
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)   I and II
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. ' 1341 | Mail Fraud | 10/31/1996 | I |
| 18 U.S.C. ' 1343 | Wire Fraud | 10/31/1996 | II |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment.  The sentence is imposed pursuant the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:  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
Defendant's Date of Birth:  10/12/1962
Defendant's USM No.:  00151-005
Defendant's Residence Address:
1 Deena Nathsen Road
O. Basail P.S.
Isirathi Khan  Monshigonj
Bangladesh
Defendant's Mailing Address:
1 Deena Nathsen Road
O. Basail P.S.
Isirathi Khan  Monshigonj
Bangladesh

06/26/1997
Date of Imposition of Judgment

Marty WK Taylor
Signature of Judicial Officer

Honorable Marty W. K. Taylor

Designated Judge
Name & Title of Judicial Officer

JUN 26 1997
Date

EXHIBIT 1



# United States Department of the ...terior

### OFFICE OF THE SECRETARY
Washington, D.C. 20240

## JUL 8 1998

Mr. Md. Kamal Hossain
PIC, HSKP Dept.
P.O. Box 2370
Saipan, MP 96950

Dear Mr. Hossain:

Thank you for your letter of June 24, 1998, requesting protection for your family in Bangladesh. The Department of the Interior is not a law enforcement agency and, thus, is unable to investigate cases or provide protection.

In response, I have forwarded your letter to the Office of the Deputy Attorney General in the U.S. Department of Justice and have asked them to follow-up on your request for protection of your family. In addition, I have alerted the Bureau of South Asian Affairs at the State Department of your situation.

If you should need additional information or have questions, please contact our Field Representative in Saipan, Mr. Jeff Schorr, at 670-234-8861.

Sincerely,

Allen P. Stayman
Director
Office of Insular Affairs



EXHIBIT "2"



*United States Attorney*
*District of the Northern Mariana Islands*

P.O. Box 377                                     (670) 234-9133
Saipan, MP 96950-0377                      FAX (670) 233-7833

Thursday, 17 December 1998    gregory.baka@usdoj.gov

Mr. Kamal Hossain
c/o Housekeeping Department
Pacific Islands Club
P. O. Box 2370
Saipan, MP 96950-2370

Dear Mr. Hossain:

I have been asked to prepare a written response to your letter to Department of the Interior's Director of the Office of Insular Affairs, Allen P. Stayman.

You served as a trial witness against the defendant in the mail and wire fraud case of <u>United States v. Akm. Alamgir Kasem</u>, Crim. No. 96-00037 (D.N.M.I. sentenced June 26, 1997). In a related case, another defendant pleaded guilty to a one count information for retaliating against a testifying witness on 10 May 1997. See <u>United States v. Abdur Rahim</u>, Crim. No. 97-00026 (D.N.M.I. sentenced Dec. 4, 1997). As you know, you have met with me and Special Agent Steven K. Stokes of the Federal Bureau of Investigation on several occasions to discuss your request that the government relocate you, and your family in Bangladesh, to the United States because of alleged death threats received as a result of your cooperation in the Kasem case.

Although the matter is still under review, we continue to encourage you to provide any further information substantiating the alleged threats against your family and showing that a criminal organization or enterprise is responsible for the threats. Beyond this, we are precluded by legal and ethical considerations from commenting further on this matter because of its pending nature.

Please be assured of our commitment to full and fair consideration of your safety concerns. If you have any further information which might be of assistance, please provide that information to Special Agent Steven K. Stokes, Federal Bureau of Investigation, P.O. Box 2030, Saipan, MP 96950-2030.

Please also provide FBI Special Agent Steven K. Stokes with your current contact information.

Very truly yours,

*Gregory Baka*

Gregory Baka
Assistant U. S. Attorney

cc:    FBI SA Steven K. Stokes
       ADAG Jonathan D. Schwartz

EXHIBIT "3"





# United States Department of the Interior

### OFFICE OF THE SECRETARY
Washington, D.C. 20240

MAR 22 1999

Mr. Md. Kamal Hossain
PIC, HSKP Dept.
P.O. Box 2370
Saipan, MP 96950

Dear Mr. Hossain:

We have referred your letter of February 22, 1999, to the Departments of State and Justice for appropriate action. Unfortunately, our Department is unable to assist you any further since we do not have law enforcement capability.

The ombudsman's office will be open in Saipan soon. Hopefully, this office will be a means to help workers such as yourself.

Sincerely,

Allen P. Stayman
Director
Office of Insular Affairs

EXHIBIT "4" 

**U.S. Department of Justice**

Office of the Deputy Attorney General

Associate Deputy Attorney General                    Washington, D.C. 20530

November 8, 1999

Mr. Md. Kamal Hossain
Pic, Hskp, Dept.
PO Box 502370
Saipan, MP 96950

Dear Mr. Hossain:

    Thank you for your recent letter.  I have sent it to Mr.
Frederick Black, the United States Attorney for the Commonwealth
of the Northern Mariana Islands, with the request that he respond
directly to you.  Mr. Black is the Chief Federal law enforcement
officer in the CNMI and will be best able to assist you.

                          Sincerely,

                          Nicholas M. Gess
                          Associate Deputy Attorney General





U.S. Department of Justice

United States Attorney

*District of the Northern Mariana Islands*

---

**Hand Delivered**

Tuesday, 23 November 1999

Sixth Floor, Nauru Bldg.
P.O. Box 377   500377
Saipan, CM 96930
Saipan, MP 96950-0377

(670) 236-2986
Overseas Operator
(670) 234-9733
FAX (670) 236-2945
gregory.baka@usdoj.gov

Mr. Kamal Hossain
c/o Housekeeping Department
Pacific Islands Club
P. O. Box 502370
Saipan, MP  96950-2370

Re:    Moving your family within Bangladesh

Dear Mr. Hossain:

This is in response to your letter of 25 October 1999 to Associate Deputy Attorney General Nicholas M. Gess.  In your letter you seek "protection" for your wife and child in Bangladesh due to the deportation of a federal inmate, against whom you testified in a mail and wire fraud case.  United States v. Akm. Alamgir Kasem, Crim. No. 96-00037 (D.N.M.I. verdict Apr. 2, sentenced June 26, 1997) (41 months imprisonment).

For over two years now, you have been working at the Pacific Islands Club—a major resort hotel on Saipan—employment that was arranged through the FBI.  During 1998 and 1999 you have met numerous times with FBI agents and with myself concerning alleged ongoing threats in Dhaka to your family.  As of this time you have not provided the FBI with any substantiation of these threats, other than letters from your wife.  You have apparently disregarded their advice to report the incidents to the police in Bangladesh, to provide copies of such official reports to the FBI, and to relocate your family within Bangladesh if necessary.

If you do have additional official corroboration, please furnish it to us.  As you are aware, the Islamic Republic of Bangladesh is a sovereign nation with its own law enforcement.  Based upon the evidence you have provided so far, the United States has no jurisdiction over the offenses you allege.

Very truly yours,

FREDERICK A. BLACK
United States Attorney

*Gregory Baka*

GREGORY BAKA
Assistant United States Attorney

n:\ . . . \gbaka\criminal\cases\immign\hossain\hossain2.ltr

EXHIBIT "6"
