
Ed Peterson, F-0354
Micronesian Legal Services Corporation
Marianas Office
P.O. Box 500826
Saipan, MP  96950
Tel. 234-6243/7729
Fax 235-6101
edmlsc@pticom.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **MOHAMMED KAMAL HOSSAIN**,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, and MATTHEW GREGORY, in his capacity as Attorney General of the Commonwealth of the Northern Mariana Islands, and UNITED STATES OF AMERICA,**<br>　　　　　Defendants. | **CIVIL CASE NO. 08-0016**<br><br>**PLAINTIFF MOHAMMED KAMAL HOSSAIN'S COMBINED RESPONSE AND OPPOSITION TO MOTION TO DISMISS OF DEFENDANT UNITED STATES OF AMERICA and COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (MEMORANDUM OF POINTS AND AUTHORITIES)**<br><br>Date of Hearing: October 16<br>Time: 9:00 a.m.<br>Judge: The Hon. Alex R. Munson |

TABLE OF CONTENTS

TABLE OF CONTENTS………………………………… 2

TABLE OF AUTHORITIES…………………………. 2

I.  INTRODUCTION…………………… 3

II.  FACTS AND PROCEDURAL HISTORY… 3

III.  ARGUMENT………………………………. 3

    1. The Complaint Sets Forth Sufficient Information to Suggest that there is Some Recognized Legal Theory Upon Which Relief Can Be Granted……………………………  4

    2. Plaintiff's Complaint Sets Forth a Claim for Violation of the Due Process and Equal Protection Clauses of the U.S. Constitution………………  5

    3. Res Judicata and Collateral Estoppel Do Not Bar Hossain's Claims for Relief, Especially in Regard To F.R.C.P. Rule 12(b) Considerations………  8

IV.  CONCLUSION……………………………….  10

TABLE OF AUTHORITIES

**Cases:**

*Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991)………….  5

*District of Columbia v. Air Florida Inc.*,
750 F.2d 1077 (D.C. Cir. 1984)…………………………..  4

*Marbury v. Madison*, 5 U.S. (1 Cranch) 37 (1803)…….  8

*Jiang Xiu Ying v. United States*, Civ. Ac. Nos. 02-0023, 00-0005, 99-0046 (DNMI)…………………………….  8

**Statutes:**

**Covenant to Establish the Northern Mariana Islands In Political Union with the United States of America, 48 U.S.C. § 1801**……………………………………….. **5**

**U.S. Const. Amendment 14**……………………… **5, 8**

**Pub. L. No. 110-229, § 702, 122 Stat. 754 (2008)**….. **6**

**Rules:**

**Fed. R. Civ. P. 8(a)**……………………………….. **4**

**Fed. R. Civ. P. 12(b)**……………………………… **5, 10**

**Other:**

**BLACKS LAW DICTIONARY 1174 (5th Ed. 1979)**   **10**

## I. INTRODUCTION

The Plaintiff ("Hossain") by and through counsel, Micronesian Legal Services Corporation-Marianas Office, for his Response and Opposition to the Motion to Dismiss of Defendant United States of America, submits the following facts and argument. Plaintiff files a combined response because the

arguments of the Commonwealth are essentially the same as those of the U.S.

## II. FACTS AND PROCEDURAL HISTORY

The Plaintiff, Mohammed Kamal Hossain, filed his Complaint for Declaratory, Injunctive, Compensatory and Further Relief on March 18, 2008. He has been in the Commonwealth of the Northern Mariana Islands since 1996 and was granted protection from *refoulement*. The Defendants filed separate Motions to Dismiss, and because the arguments in each of the motions are very similar, Plaintiff is making a combined response to the motions.

## ARGUMENT

**1. The Complaint Sets Forth sufficient Information to Suggest That There is Some Recognized Legal Theory Upon Which Relief Can Be Granted**

The Defendant's Motion to Dismiss pursuant to Fed. Civ. Rule 12(b)(6) alleges a failure of the Plaintiff's complaint to state a claim upon which relief can be granted.

Plaintiff submits that the applicable standard is stated in FCP 8(a) which requires only that a pleading setting forth a claim for relief contain a short and plain statement of the claim showing that a pleader is entitled to relief. Sufficient information is set forth in the Plaintiff's Complaint to suggest that there is some recognized legal theory upon which relief can be granted. See *District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077 (1984).

Plaintiff's Complaint does not on its face show any insuperable bar to relief and does not negate the validity of Plaintiff's claim on its face. The Complaint, with all the well-pleaded material

facts taken as true and construed in the light most favorable to the Plaintiff, sets forth facts sufficient to state a legal claim. A federal court presumes the general allegations embrace those specific facts that are necessary to support the claim. In construing FRCP 12(b)(6), the complaint is liberally construed and is viewed in the light most favorable to the plaintiff.

Even if it is doubtful that the plaintiff would ultimately prevail, if the plaintiff colorably states facts which, if proven, would entitle him to relief, a motion to dismiss for failure to state a claim should not be granted, and this has been held even in a case where the adverse party did not respond to the 12(b)(6) motion. *Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991).

**2.  Plaintiff's Complaint Sets Forth a Claim for Relief for Violation of the Due Process and Equal Protection Clauses for the U.S. Constitution.**

Hossain does not allege the U.S. violates the Equal Protection Clause of the U.S. Constitution by failing to provide Hossain and his family outside the CNMI direct derivative re-unification relief. He is alleging that the lack of a process or regulations for applying for such protection violate his right to equal protection of the laws.  The U.S. argues that Hossain is similarly situated to other asylees in the CNMI, and is not similarly situated to asylees located in the United States, and that Hossain; <u>and that he</u> is guaranteed only fundamental constitutional lights pursuant to the Covenant §501(a).   Covenant to Establish the Northern Mariana Islands in Political Union with the United States of America, 48 U.S.C. § 1801.

Hossain has set forth a legally cognizable theory upon which relief can be granted for violation of equal protection of the laws because:

   a.  His Complaint at page 8, paragraphs 19 and 20 specifically allege that Section 501(a) of the Covenant provides the 14th Amendment of the Constitution of the United States will be applicable in the Northern Mariana Islands as if the Northern Mariana Islands were one of the several States, and at this time the CNMI does not provide for any processes for

    application for protection of family members outside the CNMI such as provided for under federal law.

  b. Hossain has alleged at paragraph 32, page 12 of his Complaint that pursuant to the Covenant §104, the U.S. has complete authority and matters relating to foreign affairs, and has asserted that derivative protection a matter of foreign affairs having international aspects.

  c. One of Hossain's requests for relief at paragraph 3, page 17 of the Complaint that a meaningful and impartial procedure be created for considering applications for derivative protection of his family members outside the CNMI.

During the transition period, the CNMI would still have sole authority over deciding and adjudicated derivative family member applications, in a CNMI immigration hearing, not a U.S. immigration hearing. In no way would regulations allowing applications for such outside derivative members lessen the CNMI's present control over who enters into the CNMI. Because, theoretically, every one of the applications could be denied if there was a valid and legal reason related to national security or any of the reasons the U.S. uses. An application implicitly implies it is not an entitlement, but a due process decision to get a hearing.

Hossain is not requesting or alleging outright entitlement to bring his family members here; and is not requesting "transfer back to the U.S." of any process for refugee protection or derivative protection; those matters are addressed in the Consolidated Natural Resources Act of 2008 (CNRA). Hossain does claim that the lack of available processes for applying to bring his family members to the CNMI, such as are available for regufees/asylees in the U.S. violates equal protection, because these matters have international aspects and are matters of "foreign affairs" under the Covenant. The Covenant at Section 104 provides: "The United States will have complete responsibility for and authority with respect to matters relating to foreign affairs and defense affecting the Northern Mariana Islands."

The CNMI's right to govern itself in relation to internal affairs (Covenant, Section 103) and in relation to matters of immigration regulations for the refugee protection program would not, during the transition period, affect its ability to determine who can enter.

Plaintiff is alleging due process and equal protection requires that regulations be implemented for applying for outside family members' protection; the CNMI would still have the authority to review the applications and hold meaningful hearings in regard to such applications; and to deny applications based upon valid homeland security or other grounds, just as the U.S. undoubtedly scrutinizes and investigates all such petitions.  Theoretically, any, most or even all of such applications could be denied if there was a valid and legal reason, and a meaningful and impartial hearing.  The constitutional violation alleged is the lack of any process to even apply for such family members.  Nor would the promulgation and implementation of such a process be unduly burdensome given the miniscule percentage of the CNMI population having refugee protection status (under 100 person, and it could not be anticipated that all of them would burden the CNMI's immigration department or hearings office unduly – a few hearings a year would more likely be the reality.)?

The right to be able to make an application and have a meaningful hearing, not any right to direct entry into the CNMI for any person, is the due process and equal protection issue.  That a meaningful process, not any direct entitlement to a right of entry, is the request for relief.  Plaintiff states a claim upon which relief can be granted under the standard to be applied in F.R.C.P. 8(a) which only requires that a pleading, the Complaint on its faces sets forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

The CNMI refugee protection regulations differ from the protections provided for by federal law, and the federal law provides for the protections not only as domestic U.S. law but because of the

treaty and international obligations recognized by the U.S. in establishing the law and promulgating regulations.

The U.S. Constitution, 14th Amendment Section 1 guarantees equal protection under the law to all. The 14th Amendment applies in the CNMI. Cov. Sec. 501(a). The application of a system of refugee protection, because a federal treaty obligation and therefore a CNMI obligation, that does not provide in any way for a process for derivative protection for family members of asylees/refugees outside the CNMI, denied equal protection under the law. Hossain sufficiently raises an equal protection issue that he should not have to wait for the provisions of the CNRA before it is decided. The Federal Court has authority to decide the issue now by virtue of the Constitution of the United States, Article III, and *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803).

If Congress could declare its own laws constitutional, or declare that a set of regulations in the CNMI is constitutional until further notice o action, the separation of powers doctrine would be meaningless. Congress did not do so in the CNRA; it dealt with a broad policy change in relation to the economic and labor situation in the CNMI, pursuant to its authority under the Covenant and as to the U.S. being the sovereign entity even in the Commonwealth in regard to foreign affairs, relations, and defense. This was an essential part of the covenant agreed to.

The same argument applies to Hossain's assertion of due process violations – lack of regulations causes him to have no process by which to seek adjudication upon a petition to bring outside family members for re-unification.

**3.   Res Judicata and Collateral Estoppel Do Not Bar Hossain's Claims for Relief, Especially in Regard to Rule 12(b) Considerations.**

The United States alleges a Settlement Agreement entered into on August 1, 2003 by multiple plaintiffs, Hossain being a member of the plaintiff group, in the consolidated actions of *Jiang Xui*

*Ying v. United States*, civ. Action Nos. 02-0023, 00-0005, 99-0046 (D.N.M.I.) and defendant United States' Exhibit 1, has a preclusive effect on the present lawsuit. The parties, through and by their attorneys, allegedly stipulated to a dismissal with prejudice. The United States argues this subsequent action is barred by *res judicata* because of the Settlement Agreement (United States' Memorandum at page 20, line 12). Hossain vigorously denies and opposes this assertion, there was no Memorandum of Understanding with the U.S. and there were no regulations as presently exists in the CNMI for refugee protection at the time of that lawsuit or its settlement. The he alleged the need for his and his family's protection in the prior lawsuit, in no reasonable way could be construed as the same action or relief he is requesting in the present action, wherein the request for relief is based upon a lack of derivative protection for outside family members after the regulations were implemented.

At some future time, June 2014 (present timetable for the end of the transition period, when the INA may apply as it does in the U.S.) or thereafter Hossain's application privileges for outside family members may be allowed and the issue will be moot; however, the timetable in contingent, subject to change and delay of such a lengthy period would further deprive him of his fundamental right to be unified with his family members if there is no legal impediment found subject to a meaningful application and hearing process.

Even a cursory reading of the thirty-seven page Fifth Amended Complaint in *Rui Liang, et al. v. U.S. et al.* will disclose and reveal that Hossain as one of eighteen plaintiffs with multiple fact situations and claims for relief (some were incarcerated in the CNMI) did not allege or litigate the sole remaining issue in the present case, the lack of derivative protections for outside family members. The administrative regulation in issue here was not alleged, did not exist, and the claims for relief were for the purpose of obtaining initial refugee status protections for the plaintiffs. The defendant United States' argument that the general form-language release in that case, signed only

through legal counsel, bars the specific relief and that the specific, narrow issue of the lack of a regulation allowing applications for derivative family members outside the U.S. that is the entire remaining content of the present lawsuit left to be decided, is *res judicata*; would be an unjust and unreasonable stretch of what the doctrine's history, intent and meaning.

The term *res judicata* (or alternatively, *res adjudicata*) "designates a point or question or subject matter which was in controversy or dispute and has been authoritatively and finally settled by a court; that issuable fact once legally determined is conclusive as between parties in the same action or subsequent parties." BLACK'S LAW DICTIONARY p. 1174, 5th Edition (1979)  The doctrine could not be reasonably applied to the settlement.

A FCRP Rule 12(b) tests the face of a Complaint as to whether the general allegations support a claim, which Hossain asserts it does.  The issue of settlement agreements in prior cases subject to dispute as to whether they involve the same issues brings factors, issues and disputed facts outside the face of the complaint into the 12(b) motion proceedings.  Such a motion is a motion for judgment on the pleadings; while technically the issue of *res judicata* may be raised, the sound legal reasoning should apply: that other legal proceedings are more effective for the sifting of allegations and the determination of the legal sufficiency of a claim, such as pre-trial conferences, discovery procedures, and summary judgment motion proceedings.

Hossain should have the opportunity to testify, or make affidavits, in regard to the fact that he did not intend in any to settle the present issues regarding family protection in any prior proceedings, this being, as far as Hossain and counsel know, an issue of first impression in the CNMI with no precedents or cases addressing the very specific claim stated.

The Motion to Dismiss should not be granted on the assertion of the settlement agreements alleged, because further facts and testimony or affidavits would be necessary to determine the intent of the settlement and the issues and parties it might be limited to.

Hossain asserts the same arguments in regard to the Commonwealth of the Northern Mariana Islands' assertions that past settlements are a bar to the present lawsuit. The settlements involve factual and legal issues for which only further proceedings are appropriate.

## CONCLUSION

Because the Complaint for Declaratory, Injunctive and Further Relief filed by Plaintiff suggests that there is some recognized legal theory upon which relief can be granted, and liberally construed in a light most favorable to Plaintiff, sets forth facts sufficient to state a legal claim, it is respectfully requested the motions to dismiss of the defendants United States of America and Commonwealth of the Northern Mariana Islands be denied. Other and more effective tools and procedural tools are available for the determination of the legal sufficiency of the claim, including discovery procedures, summary judgment proceedings, and pre-trial conferences.

Respectfully submitted this 1st day of October 2008.

/s/
Ed Peterson
Micronesian Legal Services Corporation
Attorney for Plaintiff
P.O. Box 500826
Saipan, MP 96950
Phone: (670) 234-6243
Fax: (670) 235-6101