F I L E D
Clerk
District Court

OCT 22 2008

For The Northern Mariana Islands

(Deputy Clerk)

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MOHAMMED KAMAL HOSSAIN, | Civil Action No. 08-0016 |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, *et al.*, | |
| Defendants. | |

THIS MATTER came before the Court on October 16, 2008 at 9:00 am for hearing of Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants Commonwealth of the Northern Mariana Islands ("CNMI") and Attorney General for the CNMI Mr. Matthew Gregory,[1] in his official capacity, appeared by and through their attorney Ms. Kathleen Busenkell. Defendant United States of America appeared by and through its attorneys, Ms. Jessica F. Cruz and Mr. Victor Lawrence. Plaintiff Mohammed Kamal Hossain appeared by and through his attorney, Mr. Ed Peterson. Having carefully reviewed the parties' briefs and the relevant legal authority, and having had the benefit of oral argument and good cause appearing, the Court hereby GRANTS both motions.

## BACKGROUND

This case arises out of Plaintiff Hossain's desire to seek government protection for his family that resides in the Islamic Republic of Bangladesh ("IRB"). In 2002, Mr. Hossain and others filed suit in this Court against the CNMI and the United States of America, among others.

---

[1] Mr. Matthew Gregory resigned from his position as Attorney General between the filing of this action and the issuance of this order.

(CV 00-0005, Docket No. 205, Fifth Amended Comp.)[2]  The plaintiffs were foreign nationals who claimed to have been persecuted by the governments of their home nations.  They each alleged that the CNMI's failure to provide any refugee, asylum, or non-refoulement protections for foreign nationals in peril was a violation of CNMI, federal and international law.  (*Id.*)

The plaintiffs later entered into two separate settlement agreements with each government.  (*See* USA Mot., Ex. 1; CNMI Mot., Ex. F.)  The agreements provided, in pertinent part, that each government would pay the plaintiffs $25,000, that the CNMI would enact a system for seeking non-refoulement protection, and that the plaintiffs would not be removed from the CNMI until they had an opportunity to seek such protections.  In exchange, the plaintiffs agreed to dismiss the complaint with prejudice and waived their rights to make any future complaints against the United States or the CNMI relating to the underlying action.  (USA Mot., Ex. 1 ¶ 4; CNMI Mot., Ex. F ¶ 20.)  The Court dismissed the complaint with prejudice pursuant to the settlement agreements.  (CV 02-0023, Docket Nos. 104, 105.)

The CNMI subsequently enacted non-refoulement protections and Mr. Hossain was granted such protection in 2006.  (Comp. ¶ 13.)  However, the new law explicitly excludes derivative protection for family members located outside the CNMI, as did the individual protection granted to Mr. Hossain.  (5 NMIAC § 5-40.1-944; Comp. ¶ 14; .)  As a result, Mr. Hossain filed the present action alleging that this provision is unlawful because if fails to provide protected persons with, at minimum, a procedure to seek derivative protection for their families situated outside of the CNMI.  Mr. Hossain contends that the lack of a procedure violates CNMI,

---

[2] The Court GRANTS Defendants' Request for Judicial Notice of (1) the Court's record from *Liang, et al. v. United States of America, et al.*, CV 99-0046 and *Kandiah, et al. v. United States of America, et al.*, CV 00-0005, consolidated as *Ahmed, et al. v. United States of America, et al.*, CV 02-0023; and (2) the settlement agreements and stipulations to dismiss CV 02-0023, because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *See* Fed. R. Evid. 201(b)(2).

1  federal, and international laws.  The Court will discuss additional specific facts as required in the

2  analysis.

3  **ANALYSIS**

4  **A.**    **Rule 12(b)(6) Legal Standard.**

5        Defendants have each moved to dismiss the complaint pursuant to Rule 12(b)(6) of the

6  Federal Rules of Civil Procedure.[3]  Rule 12(b)(6) permits dismissal of a claim either where that

7  claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's

8  theory.  *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In resolving a

9  Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the

10  plaintiff and accept all well-pleaded factual allegations as true.  *See Cahill v. Liberty Mut. Ins.*

11  *Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  However, as stated recently by the Supreme Court, to

12  survive a Rule 12(b)(6) motion a complaint must contain factual allegations sufficient "to raise a

13  right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.

14  Ct. 1955, 1965 (2007).  Although a complaint need not set forth "detailed factual allegations" it

15  must plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 1964, 1974.

16

17  **B.**    **Plaintiff Waived the Right to Bring this Complaint.**

18        In the previous action, Plaintiff Hossain entered into a settlement agreement with the

19  United States and another with the CNMI.  In those agreements Plaintiff Hossain waived his

20  right to bring any new claims against either the CNMI or the United states arising out of the

21  underlying action.  The CNMI waiver specifically states that the plaintiffs "acknowledge and

22  agree that they may have claims against the [CNMI] Defendants . . . *which are unknown at*

23  *present*.  The Plaintiffs, . . . nevertheless warrant, covenant, and agree that, except as provided

24  herein, this Agreement forever releases and discharges the [CNMI] Defendants . . . from any and

25  _____

26        [3] There are two motions to dismiss before the Court.  The Court will decide both
     motions in a single order because the same analysis applies to each.

AO 72
(Rev. 08/82)

all complaints, claims, obligations, demands, causes of action, suits or debts or appeals

whatsoever, . . . that they ever had, now have *or may now have arising from or related in any*

*way* to the Consolidated Action and the conduct of the litigation thereunder." (CNMI Mot., Ex.

F ¶ 12 (emphasis added).)  The United States settlement agreement includes a substantially

similar waiver.  (USA Mot., Ex. 1 ¶ 4.)

      The issue before the Court is whether Plaintiff Hossain's present complaint "arises out

of" or is "related in any way" to the previous action.  The Court finds that it does.  The previous

action arose from the plaintiffs' complaint that the CNMI did not offer any protections for

foreign nationals who sought refuge in the CNMI for themselves and their families.  Specifically,

in the previous complaint Plaintiff Hossain alleged that he was "subjected to threats of physical

violence (including death) against himself and his IRB-situated family [and that] neither the U.S.

Government nor the CNMI Government has provided to Hossain and his family any of the

protections Hossain has requested."  (CV 00-0005, Docket No. 205, Fifth Amended Comp., May

10, 2002 ¶ 47.)  As a result of that suit and the settlement agreements between the parties, the

CNMI enacted laws to provide protection for foreign nationals in the CNMI under certain

circumstances.  That law, however, explicitly excludes derivative protection for family members

outside of the CNMI.  Plaintiff Hossain now argues that such an exclusion is unlawful.  The

claim arises directly out of the same facts underlying the previous action–that the CNMI and the

United States have failed to provide proper protections for Plaintiff Hossain and his family.  In

addition, even if the Court concluded that the present complaint does not "arise out of" the

previous action, at a minimum, the current complaint is "related in any way" to the previous

action.  Accordingly, the Court finds that Plaintiff Hossain's current complaint is barred because

he waived his right to bring further complaints against the CNMI or the United States arising out

1     of or related to the previous action.[4]

2                                 **CONCLUSION**

3        The Court finds that Mr. Mohammed Kamal Hossain's present complaint is barred by the

4     terms of the settlement agreement.  Accordingly, the motion to dismiss brought by the CNMI

5     and that brought by the United States are both GRANTED with prejudice.

6

7     **IT IS SO ORDERED.**

8

9     Dated:            October 22, 2008

10

11                                    ALEX R. MUNSON
                                   UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that the Defendants assert additional grounds for granting this motion. However, because Plaintiff Hossain's waiver is dispositive, the Court will not address the merits of those arguments nor the merits of Plaintiff Hossain's complaint itself.